# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0712
════════════

CHRISTOPHER HENKEL AND LISA HENKEL, PETITIONERS,

v.

CHRISTOPHER NORMAN, RESPONDENT

════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════

## PER CURIAM

JUSTICE BROWN did not participate in the decision.

At issue in this premises liability case is whether a homeowner's "don't slip" statement to a mail carrier was adequate as a matter of law to warn him of an icy sidewalk. The trial court determined that it was and granted summary judgment to the homeowner defendants. The court of appeals reversed. Because we agree with the trial court, we reverse the court of appeals' judgment and remand to the court of appeals for it to consider the issues it did not reach.

The trial court granted summary judgment for the defendants in this case, so our standard of review is de novo. *See Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). We examine the record in the light most favorable to the nonmovant, indulge every reasonable inference against the motion and likewise resolve any doubts against it. *Id.* Accordingly, our recitation of facts resolves all doubts in favor of Christopher Norman, the plaintiff and nonmovant.

On Saturday, January 9, 2010, mail carrier Norman was delivering mail in Houston. The day was colder than normal and the National Weather Service had issued a hard freeze warning for Friday through Sunday. Neither rain, sleet, nor snow was reported in the area, although Lisa Henkel, one of the homeowner defendants, testified both that she was aware of icy conditions in her neighborhood and that her daughter had slipped on some ice in the road that morning before Norman delivered the mail.

As Norman delivered mail he would walk on the sidewalks of some houses and through the lawns of others. On the morning he fell, he walked through the lawn of the house of Christopher and Lisa Henkel in order to deliver their mail. Lisa was standing at the door so Norman handed her the mail. As he turned to leave and continue on his route, she said "don't slip." Nevertheless, as Norman began walking away on the Henkels' sidewalk he slipped and fell. He denied having seen ice on his route that morning and denied seeing any on the Henkels' property before he fell.

Norman sued the Henkels, alleging that he was injured by the fall and the Henkels were aware of ice on the sidewalk, yet they took no action to prevent the unnatural accumulation of ice, remove the ice, or otherwise remedy the slick conditions. The Henkels filed a Motion for Summary Judgment. By their motion the Henkels asserted that there was no genuine issue of material fact as to whether they failed to warn Norma of any potential danger because "all evidence presented by either side shows . . . Lisa . . . explicitly warned [Norman] regarding potentially icy conditions just seconds before he fell." In response, Norman argued that any warning by Lisa was general, non-specific, and inadequate.

A traditional summary judgment motion is properly granted where a defendant conclusively negates at least one essential element of a cause of action. *Frost Nat'l Bank v. Hernandez*, 315 S.W.3d 494, 508 (Tex. 2009). The trial court granted the Henkels motion and Norman appealed.

By a two to one decision the court of appeals reversed, holding that "[a] general instruction not to slip or trip or fall is not conclusive evidence of a warning, let alone an adequate warning." *Norman v. Henkel*, 407 S.W.3d 502, 505 (Tex. App.—Houston [14th Dist.] 2013, pet. granted). The dissenting Justice would have held that Lisa's warning was adequate as a matter of law because it "specifically informed Norman of the particular hazard—the slippery ground." *Id.* at 506 (Brown, J., dissenting).

In their petition for review the Henkels argue that Lisa's statement was an adequate warning as a matter of law because she informed Norman about the condition of the property on which he bases his claim.[1] Norman counters that Lisa's warning was a general instruction and was not adequate because she was required to warn him of the particular condition—the ice.

The parties agree that Norman was an invitee. Generally, premises owners such as the Henkels have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them. *See TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764-65 (Tex. 2009). To prevail on a premises liability claim against a property owner, an injured invitee must establish four

---

[1] The Henkels also argue that Lisa had no duty to warn Norman and there was no unreasonably dangerous condition because the ice was a natural accumulation. They did not assert those matters in their motion for summary judgment so we do not consider them. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[W]e hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response.").

elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

The third element is negated if the property owner either adequately warned the invitee about the condition or took reasonable actions designed to make it reasonably safe. *See TXI Operations*, 278 S.W.3d at 765. If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law. *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). To be adequate, a warning must be more than a general instruction such as "be careful"; the warning must notify of the particular condition. *TXI Operations*, 278 S.W.3d at 765. In *TXI*, for example, a speed limit sign was not an adequate warning of a pothole. *Id.* We held that the sign "neither informed the driver of road hazards generally, nor did it identify the particular hazard." *Id*; *see State v. McBride*, 601 S.W.2d 552, 556-57 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (holding signs that read "35 MPH" and "SLOW" were insufficient to warn of the actual condition of the construction area, which was that it was muddy and slick when wet). In contrast, a warning by a cashier to a customer to "watch the wet spot" was an adequate warning as a matter of law. *Bill's Dollar Store*, 77 S.W.3d at 370. And a wet floor warning sign and verbal warning to "'be careful' because the 'floor may be a little damp'" was adequate as a matter of law to discharge

4

a property owner's duty to an invitee. *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.).

Turning to the facts of this case, Norman testified in his deposition that Lisa told him "don't slip."[2] He asserts that this warning was a general instruction similar in nature to the general instruction in *TXI* and did not adequately warn him of the dangerous condition. We disagree. Warnings must be taken in context of the totality of the circumstances. The warning in *TXI*—a speed limit sign—did not inform the driver of the actual condition that caused the injury—a pothole. *TXI Operations*, 278 S.W.3d at 765. But Lisa's statement was not a general "be careful" or "go slow" warning. Under the circumstances the statement Norman heard her make, "don't slip," could only have been taken by a reasonable person as a warning of a specific condition—a slippery walking surface.

Norman also argues that Lisa's warning was inadequate because she did not specifically warn him of ice on the walkway, asserting that ice was the dangerous condition, not the potential for slipping. He says that because one might slip for any number of reasons such as water, paper, freshly mowed grass, potter's clay, loose tile, or even the proverbial banana peel on the ground, Lisa's warning to not slip actually conveyed "everything and nothing." Again, we disagree. Under the circumstances Lisa was not required to warn of the ice itself as opposed to the slippery condition. *See Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992) (referencing the dangerous condition as "the slippery spot" on the floor). A warning of the specific material causing a condition is not required,

---

[2] In Lisa's deposition she said she told Norman "be careful. It's icy out there today," but as noted previously, we review the evidence in Norman's favor.

5

so long as the existence of the condition itself is conveyed. For example, warnings in *Bill's Dollar Store* and *Brooks* were held to have been adequate even though they identified only the dangerous condition (wet floors), not the specific substances that made them wet. *Brooks*, 303 S.W.3d at 925; *Bill's Dollar Store*, 77 S.W.3d at 370.

In sum, absent special circumstances which are not present here, a property owner's warning to an invitee of an unreasonably dangerous condition is adequate if, given the totality of the surrounding circumstances, the warning identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand. Here, temperatures had been and were well below freezing and there is no evidence of any other circumstance that a reasonable person might have contemplated would precipitate Lisa's "don't slip" warning. Norman heard her statement and it was adequate in light of the totality of the circumstances to alert a reasonable person in his position that there were slippery conditions caused by the freezing temperatures.

Assuming, without deciding, that ice on the Henkels' sidewalk created an unreasonably dangerous condition, Lisa adequately warned Norman of it. Norman requests that if we reverse the court of appeals' judgment, we remand the case to the court of appeals for it to consider his alternate points raised in, but not addressed by, that court. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for it to consider Norman's additional issues.

**OPINION DELIVERED:** August 22, 2014

6