RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 01 2015

Abel Acosta, Clerk

83,021 - 01

MOTION DENIED
DATE: 4/15/15
BY: R

WR-83,021-01

Tr. Ct. NO CR29320A

EX. PARTE                                                    §                    IN THE COURT OF

                                                             §                    CRIMINAL APPEALS

JARED MORRISON                                               §                    AUSTIN, TEXAS

## MOTION TO STAY AND ABEY COURT OF CRIMINAL APPEALS DECISION

Now comes Applicant, Jared Morrison ("**Morrison**") acting pro se, and presents this motion to stay and abey the Court of Criminal Appeal's decision in regards to the above cause. Morrison asks this Honorable Court to allow him 60 days to draft a motion to object to and rebut the 88 page Facts and Conclusions of Law that was presented to this court on March 18, 2015. Morrison also asks this court to this favor to allow time for him to present the Motion to Disqualify the Affidavit of David Rogers, the Motion to Object to the Affidavit of Rodion Cantacuzene (which are vital to his ineffective assistance of counsel claims), and the Motion for Live Evidentiary Hearing to resolve any unresolved issues, which all were filed with the 385th Judicial District Court on March 10, 2015. Morrison also respectfully asks this Honorable Court to grant him these 60 days so that he may draft a short supplemental brief to address the semi-relevant case: Fleming v. State 441 S.W.3d 253(Tex. Crim. 2014), which he was just alerted to via the Findings of Facts and Conclusions of Law, and it may affect the decision of this fine court. Morrison hopes to have the opportunity to present these items to this court before they rule on his case. Morrison shows the following:

1) On December 30, 2014 Morrison filed his Post-Conviction Writ of Habeas Corpus with the 385th Judicial District Court, Midland County, Texas.

2) On January 22, 2015 The district Court filed and sent to Morrison:

 a) The court's designation of issues to be resolved

 b) The court's order for affidavit by Ian Cantacuzene (Morrison's 2004 counsel)

 c) The court's order for affidavit by Tom Morgan (Morrison's brother Jason Morrison's 2004 counsel, and Morrison's 2011 counsel who was replaced by David Rogers)

 d) The court's order for affidavit by David Rogers (Morrison's 2011 counsel)

3) On January 28, 2015 Morrison received the court's designation of issues to be resolved, and the three orders for affidavits.

4) On Februrary 11, 2015 Morrison received the three affidavits of his prior attornies.

(1)

5) On March 2, 2015 Morrison sent the four motions below to his mother, Jana Morrison to copy and serve to the State's Attorney, Ian Cantacuzene, David Rogers, and to file in the district court:

a) Motion to Disqualify the Affidavit of David Rogers (with exhibits "N"-"S")

b) Motion to object to the Affidavit of Rodion Cantacuzene

c) Motion for Live Evidentiary Hearing

d) Motion for Bench Warrant.

6) On March 6, 2015 the District Judge filed the Finding of Facts, Conclusions of Law, and Order on PostConviction Writ of Habeas Corpus (88 pages), and ordered it sent to the Court of Criminal Appeals, and to Morrison.

7) On March 10, 2015 Jana Morrison filed the four above motions, and eight exhibits with the district court, and served a copy to Rogers, Cantacuzene, and the State's Attorney.

8) On March 18, 2015 The Court of Criminal Appeals received Morrison's Post-Conviction Writ of Habeas Corpus.

9) On March 24, 2015 Morrison received the district court's 88 page findings of Facts and Conclusions of Law. Upon reading the court's findings Morrison noticed that it was written and filed before the court had the opportunity to review the Exhibits "N"-"S" and his objections to his prior attornies' affidavits, which the court based its findings only on what was said in the affidavits and completely discounted Morrison's Ineffective assistance of counsel claims. The court also came to other erroneous conclusions, which Morrison hopes to have the opportunity to rebut.

10) Also on March 24 Morrison ordered the Fleming case via the law library's intraloan program.

11) On March 25, 2015 Morrison received the Fleming case and read the entire 42 page opinion of the Court of Criminal Appeals. Granted, the Fleming case was affirmed and at first glance may seem fatal to Morrison's position, but because Morrison has different constitutional claims, and Fleming's complainant was under 14, and Morrison's was over 14, and it seems that the majority of these fine Justices are proponents of Morrison's position regarding the issue of mistake of age as a defense if the victim was above the age of 13, Morrison hopes to have the opportunity to comment on some of Justice Meyers' commentary which opposes Morrison's position, since he was unaware of the Fleming decision while drafting his post conviction writ, and the Court of Criminal Appeals has not ruled on the issue regarding Mistake of age as a defense, or a mens rea attaching to the minority status of the child on either provision: 22.011 or 22.021. After reading the Fleming

(2)

opinion, it seems that this Honorable Court is primed to hear Morrison's similar issues that he raises in his 22.011 Penal Code case, therefore, even though Morrison believes that the argument in his current Memorandum of Law will suffice to refute some of the arguments in the Fleming's majority opinion, which may or may not be used to argue against his position, Morrison hopes to have the opportunity to present a supplemental brief to specifically address Fleming before this court rules on his case.

12) Because of the outdated law books and lack of current case indexes or search materials in the T.D.C.J. law libraries, Morrison is not sure of the time limits for objecting to the findings of facts and conclusions of law, or for filing supplemental briefs, therefore this motion may not even need to be ruled on or sent, but Morrison sends it as an abundance of caution.

13) On March 25, 2015 Morrison received notification from the Court of Criminal Appeals alerting him that they received his Post-Conviction Writ of Habeas Corpus.

## PRAYER

All things considered, Morrison prays that this Honorable Court of Criminal Appeals grants this motion and allows him 60 days to present the aforementioned items to this court so they will be considered before the court rules on his Post-Conviction Writ of Habeas Corpus.

GRANTED                                          DENIED

_____                                      _____

SIGNED BY

_____

## INMATE'S UNSWORN DECLARATION

I, Jared Morrison, being presently incarcerated at the Huntsville Unit, Walker County, Texas, of the Texas Department of Criminal Justice, declare under the penalty of perjury the aforementioned statements are true and correct. I also declare that the purpose of this motion is not for an egregious delay nor to prejudice the state, it is only to allow Morrison time to draft the aforementioned items and present them to this fine court to consider before making a decision. Executed on

March 26, 2015

Jared Morrison 1747148

(3)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Stay and Abey Court of Criminal Appeals Decision was placed in the prison mail box receptical via U.S. first class mail postage paid on March 27, 2015 to the following addresses:

ORIGINAL

Clerk of the Court
Abel Acosta
Court of Criminal Appeals
P.O. Box 12308
Capitol Station, Austin, TX 78711

COPY

Clerk of the Court
Benna Cain
385th Judicial District Court
500 N. Loraine, Suite 801
Midland, TX 79701

COPY

State's Writ Attorney
Mr Petty
500 N. Loraine, suite 200
Midland, TX 79701

3/27/15

Jared Morrison #1747148
Huntsville Unit
815 12th Street
Huntsville, TX 77348

(4)