RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 13 2015

Abel Acosta, Clerk

83,021-01

WR-83,021-01
TR. CT. NO: CR29320A

EX PARTE                              §          IN THE COURT OF
                                      §          CRIMINAL APPEALS
                                      §
JARED MORRISON                        §          AUSTIN, TEXAS

MOTION TO OBJECT TO THE TRIAL COURT'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW
[MORRISON'S SUPPLEMENTAL BRIEF REGARDING FLEMING V. STATE 441 S.W.3D 253 (TEX CRIM 2014)]

Comes now, Jared Morrison ("Morrison"), pro se, and presents to this Honorable Court of Criminal Appeals this Motion to object to the Trial Court's Findings of Fact and Conclusions of Law ("The court's findings"), filed with this court March 18, 2015. Upon reading the court's findings, Morrison realized that it was subjectively one-sided, and replete with baseless and unsubstantiated claims, which may be unfairly construed to discredit Morrison's Post-Conviction Writ of Habeas Corpus: Grounds 2-7, 14.

The District Court Wrote and filed these findings on March 6, 2015. On March 10, 2015 Morrison filed with the district court Exhibits "N"-"S" with a Motion to Disqualify the Affidavit of David Rogers (which proves David Rogers' affidavit as untrue), a Motion to object to the Affidavit of Rodion Cantacuzene (which shows some of the statements in this affidavit as untrue), a motion for a live evidentiary hearing, and motion for bench warrant. Because the district court wrote the court's findings before it had the opportunity to see those important motions and exhibits (which would disprove Morrison's former attornies' affidavits) the district court based its findings soley on the false claims in the affidavits of David Rogers and Ian Cantacuzene. Morrison therefore, humbly asks this Honorable Court to objectively consider those two motions, and exhibits "N"-"S" attached thereto, along with THIS Motion to object to the trial court's findings/The Fleming Brief, while ruling on his Post Conviction Writ of Habeas Corpus. In Morrison's Motion to Stay and Abey that he sent on March 27, 2015, Morrison intended to do this motion to object to the trial court's findings separatley, but since the court's findings relied so heavily on Fleming, for the sake of brevity in Morrison's already extreamly long Post Conviction Writ of Habeas Corpus, Morrison merged the two into this one **"Motion to Object/Fleming Brief"**. Morrison shows the following:

1) On December 30, 2014 Morrison filed his Post-Conviction Writ of Habeas Corpus/11.07 with the 385th Judicial District Court, Midland County Texas. The Honorable Judge Robin Darr preciding.

2) On January 22, 2015 the district court ordered the affidavits from Morrison's prior attornies: David Rogers, Ian Cantacuzene, and Tom Morgan.

3) On Februrary 11, 2015 Morrison received the three affidavits from the above mentioned attornies, and upon reading them, he realized that the majority of the statements in the affidavit of David Rogers were untrue, and some of the statements in the

(1)

Affidavit of Rodion Cantacuzene were untrue. Morrison can prove with the Exhibits "N"-"R", and by comparing Rogers's statements in his affidavit with the record, or contradictions with other statements in his affidavit that Roger's statements are untrue, therefore MOrrison had his mother,Jana Morrison, send him some of his old 2011 letters that him and Jason MOrrison wrote to each other, which clearly show Morrison's mentality at that time contradicts the things Rogers claims to have counseled him about in his affidavit.(See Exhibits "N"-"S").

Because Morrison has only shown, but not proven with concrete evidence, as he has done with the Affidavit of David Rogers, that Ian Cantacuzene's statements are untrue, Morrison only objects to Cantacuzene's statements instead of asking the court to disqualify them all together. Because the Affidavit of Tom Morgan really had no affect on Morrison's case. Morrison chose not to address it at this time.

4) On Februrary 15, 2015 Morrison contacted Jana Morrison to have her send Exhibits "N"-"S" which disproves the Affidavit of David Rogers.

5) On February 23, 2015 Morrison received the letters, then incorporated them into his Motion to Disqualify the Affidavit of David Rogers.

6) Morrison finished the task on Februrary 27, 2015 and sent the four motions to Jana Morrison to copy and serve to all parties, and to file with the court, via U.S. Mail.

7) On March 6, 2015 the district judge filed the court's findings, and ordered a copy sent to the Court of Criminal Appeals, and to Morrison.

8) On March 2, 2015 the motions Morrison drafted left the prison by U.S. Mail.

9) On March 10, 2015 Jana Morrison received the motions Morrison sent to her, and she copied and filed them, along with the eight ~~eight~~ exhibits with the district court, and served a copy to ROGERS, Cantacuzene, and the State's attorney.

10) On March 18, 2015 the Court of Criminal Appeals received the 88 page Findings of Facts and Conclusions of Law, along with Morrison's 11.07.

11) On March 24, 2015 Morrison Received the court's findings.

12) On March 26, 2015 Morrison drafted the Motion to Stay and Abey the Court of Criminal Appeals' decision for 60 days to allow time for Morrison to draft this motion and short brief to comment about the July 18, 2014 opinion of Fleming v. State 441 S.W.3d 252 (Tex, Crim. 2014), and to make sure the Court of Criminal Appeals received his Motion to Disqualify the Affidavit of David Rogers, with Exhibits "N"-"S", and the Motion to object to the Affidavit of Rodion Cantacuzene.

13) On March 27, 2015 Morrison sent out the Motion to Stay and Abey to the Court of Criminal Appeals, and a carbon copy to the district court, and state's attorney.

14) On March 30, 2015 Morrison started drafting this Motion to object/Fleming brief.

(2)

## OBJECTIONS TO THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW
### [WITH MORRISON'S SUPPLEMENTAL BRIEF FOR FLEMING]

1) The only objection Morrison has regarding Section I, II, II pp.1-12 is on page 6. The court made a typo in reference to the 3/5/11 letter Morrison wrote to Judge Darr. The court stated: "She also dressed, cooked, and acted like she was 21." Cooked should be looked. Morrison can not tell if someone is 21 based off of the way they may cook.

2) Morrison objects to section III, and suggests that an evidentiary hearing be had to resolve any issues that may be left unresolved in light of Morrison's motion to Disqualify the Affidavit of David Rogers, Exhibits "N"-"S", and the Motion to Object to the Affidavit of Rodion Cantacuzene. (See Motion for Live Evidentiary Hearing). If this fine court rules in Morrison's favor on a different ground, then may this issue be moot.

3) On page 14-16 the district court cites several cases, including Fleming, to say that the law applicable to sex offenses against children:

a) Are strict liability offenses and the actor's knowledge that the child was under the age of 17 is not an element of the offense,

b) The statute does not require that the state allege or prove the actor knew that the child was under the age of 17 at the time of the offense.

c) The defense of mistake of fact under 8.02 Penal Code or a reasonable mistake of age does not apply to sexual offenses against children.

d) These strict liability provisons involving sexual offenses against children do not violate Due Process of the law under the Fourteenth Amendment of the United States Constitution or Due Course of Law under Article 1 Section 19 of the Texas Constitution.

Morrison acknowledges that this fine court's opinion in Fleming (heavily relied upon by the district court to discount his claims), at first glance may seem to controvert his grounds for relief, but Morrison asserts that his grounds for relief are completely distinguishable from Fleming in several ways, and the trial court's reliance on Fleming to say Morrison's claims are without merit are incorrect. Because the district court cited and relied on the majority of the Fleming opinion to discredit his claims in the court's findings, Morrison went ahead and killed two birds with one stone, and has included his Fleming Brief in with this motion.

First, Morrison humbly insists that the 22.011 statute as written, by the literal plain language, is constitutional, and does provide for a mens rea in regards to the status of the complainant being a child. Morrison has proven by citing constitutional provisions, Supreme Court, 5th Circuit, and Court of Criminal Appeals precident, that IF

a proper statutory construction analysis was to be done on 22.011, there is no way that it could be said that the prescribed culpable mental state ("CMS") in the heading of 22.011 could modify only the first nine words "cause the penetration of the anus or sexual organ", then skip the next three words "of a child", then pick up again to modify the last three words "by any means". (See page 25 of Memorandum of Law attached to Morrison's application for Writ of Habeas Corpus/11.07, and ground 2).

It has also been shown by Morrison that the statute 22.011 cannot be construed as strict liability because for a statute to be strict liability, the legislature must clearly dispense with any mental element, especially when that element is the act that makes otherwise innocent conduct criminal, but that in its self is also strongly opposed to by The Supreme Court.

The majority opinion in Fleming acknowledged that:

"The Texas Penal Code does not specify that mens rea as to the age of the victim is unnecessary." Fleming at 258.

Therefore, pursuant to section 6.02(b) of the Penal Code, and Supreme Court precident in cases like **Staples v. U.S. 114 S.Ct 1793 (1994)**; **Liparota v. U.S. 105 S.Ct 2084 (1985)**, 22.011 cannot be strict liability because it does not dispense with any mental element. However, the Fleming majority attempted to justify the Texas Legislature's omission of dispensing with that mental element by invoking the federal statutory rape laws to say:

"The government need not prove that the other person had not attained the age of 12 years. See 18 U.S.C. § 2241(d). See also 18 U.S.C. 2243(d) (In the prosecution for sexual abuse of a minor between the ages of 12 and 16, the government need not prove that the defendant knew the age of the other person engaging in the sexual act.)" (Inside Quotation marks left out). Fleming at 258.

Morrison humbly calls "foul" on that remark, and asserts that the federal equivalent to Texas' statutory rape law does not control or have jurisdiction with the Texas Penal Code, but if the majority of this, wiser than him, Court of Criminal Appeals insists that it does, then they should also make sure to apply the mistake of age defense that is also provided for under 2243(c) to 22.011. (See Morrison's Memorandum of Law at pp.18, 40-41). If the legislature did not want for section 6.02 to apply to 22.011, they would have explicitly mentioned it into statute like they have done in section 49.11 rendering offenses dealing with alcohol strict liability as D.W.I.

22.011 also subjects people to 20 years in prison, and requires that they register as a sex offender for life. That form of punishment and stigma on someone's reputation does not, according to the Supreme Court, fit in line with strict liability offenses. (See Memorandum of Law under Ground 2 and 5).

Secondly, in Morrison's 11.07 he has proved that his intentional conduct, as well as the marriage defense in 22.011 involve First Amendment protected conduct, as

(4)

defined by the Supreme Court cases in: **Griswold v. Connecticut 381 U.S. 479 (1965); Eisenstadt v. Baird 405 U.S. 438 (1972); Lawrence v. Texas 123 S.Ct 2472 (2003); Planned parenthood of Central Missouri v. Danforth 428 U.S. 52 (1976); Broadwick v. Oklahoma 93 S.Ct 2908 (1973); Dombrowski v. Pfister 380 U.S. 479 (1965); Bigelow v. Virginia 421 U.S. 809 (1975).** (See Memorandum of Law Ground 3, 5, and 7).Therefore, all the constitutional claims that Morrison raises must be analyzed under the strict scrutiny analysis and not the rational basis review as done in Fleming. Since the strict liability interpretation is not narrowly tailored to further the legitimate or compelling governmental interest of protecting children, and a mens rea modifying "of a child", or a reasonable mistake of age defense (like the one that is proposed by the wise Justices: Keller, Price, and Johnson at Fleming 293), would still equally protect children from 14 to 16 years, without causing the statute to be unconstitutionally vague and overbroad, nor would it violate the Equal Protection of the Laws, and send men to prison for seemingly doing an innocent, First Amendment protected act. The strict liability interpretation of 22.011 is unconstitutional.

Third, Morrison has raised and challenged other constitutional claims that have not yet been considered by the learned Justices of this fine court. (See Grounds 2-7, and Memorandum of Law pp.14-88, 95).

Fourth, because the complainant in Morrison's case was 15 years, which pertains to the 14 to 16 year protected age group in the lesser offense of 22.011, instead of the aggrivating factor in 22.021 of any age under 14 years (0-13 years), as Fleming's complainant was, Morrison's case is distingushable regarding the two statutes, and it should be looked at under a different analysis than cases involving 22.021. See the Honorable Justice Alacala's concurring opinion at 263, where she agrees that it may be appropriate to allow a mistake of a defense for 14 to 16 year old teenagers who have a limited right to consent, but not to children under 14 years. Even though Justice Alcala agrees with Morrison's views in this matter, she stated that: "This determination is ultimately for the legislative branch alone to make, rather than the judicial branch."

Morrison subserviently disagrees and suggests that the legislature has already done so. Since 22.011's enactment in 1983, the legislature has never said that the required CMS of intentionally or knowingly does not modify"of a child", therefore the prescribed mens rea should attach to "of a child", making the mistake of fact an available defense. Morrison has clearly proven that by the Court of Appeals negating the mens rea and the mistake of age defense regarding "of a child", without constitutional authority, is a violation of the Seperation of Powers Doctrine and Equal Protection of the Laws, and the results have caused 22.011 to be unconstitutionally vague, overbroad, and overinclusive. Because 22.011 is already subject to a narrowing construction that would

(5)

eliminate these constitutional infirmities that the strict liability interpretation has generated, the statute need not be rewritten. It is just a matter of merely doing a proper statutory construction analysis, and the powerful Court of Criminal Appeals is just the court to interpret the statute's plain language more narrowly to make the statute constitutional. (See memorandum of Law p.83, Grounds 2, 5, and 7)

At the bottom of page 16 to the top of page 18 of the Court's findings, the district court asserts that the statute in section 22.011 is not vague or uncertain with respect to the fact that the statute does not require that the actor know the child was under 17 years, or that mistake of fact as to the age of the child is not a defense. The district court then compares 22.011's CMS with other crimes like murder, resisting arrest, aggrivated assault of a public servant, and improper relationship to an educator and student to say: That had the legislature required for the commision of the offense of sexual assault or indecency with a child that the actor must know that the child was under the age of consent, the legislature would have done so as the legislature has done in those offenses when explicitly requiring that knowledge of the victim's status must be proved. Morrison has already shown that the language of 22.011 is already explicit enough to show that the intentionally or knowingly CMS requirement must modify"of a child".

To say: "To commit an offense a person must:

> Intentionally or knowingly:

> Cause the penetration of the sexual organ of a child by any means **and the person must know that it was a child to commit the offense.**"

is superfluous. The legislature does not have to make superfluous statutes. According to the correct grammer, syntax, and punctuation of 22.011, every thing that comes after the colon in the phrase "Intentionally or Knowingly':'" is modified by what precedes the colon. (See page 15 of Memorandum of Law).

None of the statutes that the district court compares 22.011 to, are written like 22.011 is written, plus Morrison is not discussing other statutes in this vagueness ground. He has specifically proved that ~~because~~ 22.011, by its plain language, does have a CMS that can be, has been, and will continue to be interpreted by people of ordinary intelligence to modify "of a child", but because of the strict liability interpretation, the CMS does not modify "of a child", even though the statute does not dispense with any mental element. The statute is vague and ambiguous because of how it has been interpreted and that interpretation is not written into the statute, therefore, Morrison and others have not been given proper notice of the Court of Appeals' strict liability interpretation. (See Ground 7). No court has held that a legislature must include a Knowledge requirement for each element or to the victim's status, like the district court says here, and the Fleming majority suggest at 258 n.4, but it has been

held and is commonly known that silence of a CMS does not necessarily dispense with the presumption of a mens rea, and one must be read into the statute unless it is clear that the legislature intended for the statute to dispense with the mental element. So the real comparison should be:

"Had the legislature intended to require 22.011 to be strict liability, they would have clearly dispensed with the intentionally or knowingly CMS like they have done in 20A.02(b)(1) (Trafficking a person), and 43.05(a)(2) (Compelling Prostitution). Or they could have specifically dispensed with section 6.02 like they have done in section 49.11 dealing with intoxication and alcohol."

The legislature has not clearly dispensed with the mental element as shown here, therefore, they intended for 22.011 to require a CMS in regards to "of a child". The court's claim that 22.011 is not vague or uncertain is wrong, Morrison has clearly proved by the meaning of constitutional provisions and Supreme Court holdings that 22.011's strict liability interpretation is unconstitutionally vague and ambiguous on its face and as-applied to his situation. (See Ground 7).

5) On page 18 to the top of page 20 of the court's findings, the district court has followed the court of appeals' err and based the current 22.011 statute's strict liability on the repealed Texas Penal Code section 21.09, and have cited and quoted Vasquez v. State 622 S.W.2d 864 (Tex Crim. 1981), which is predicated on 21.09, to continue to justify 22.011 as being strict liability, despite the fact the legislature clearly prescribed a CMS into 22.011, and did not dispense with any mental element. 22.011 supersedes 21.09, Vasquez, Morissette n.8, and other cases that talk about statutory rape being strict liability. These pre-1983 cases are no longer persuasive, or much less controlling. No where has the legislature said since 1983, that 6.02, 8.02, and 2.01 do not apply to 22.011 or that the CMS in 22.011 does not Modify "of a child". (See grounds 2, and 5).

6) On page 20-22 the district court again cited to and quoted Fleming supra to attempt to discount Morrison's claims. Morrison wishes to take this time to not only challenge the district court's reliance on Fleming, but to also continue his brief on why he feels Fleming's holdings should not apply to his constitutional claims regarding the similar issues raised in his 11.07 regarding 22.011.

Morrison does agree with the Honorable Justice Meyers' comment about the colloquialisms such as "16 will get you 20" and "Jailbait" addressing only the understanding that even consensual sex with someone under age is unnecessary. These phrases like the plain language of 22.011 do nothing to address strict liability regarding statutory rape, supporting Morrison's position that 22.011 is unconstitutionally vague BECAUSE the statute's plain language does not properly alert the masses of the strict liability interpretation. (See Memorandum of Law p.80, and Ground 7).

(7)

7) Fleming is also distinguishable because Justice Meyers addresses the fact that 22.021 compared to 22.011 is an enhancement offense based off of the age of the child. Because the victim was under 14, as opposed to 14 to 16 years, Fleming was charged with a first degree felony instead of 22.011, a second degree felony. Justice Meyers compared his logic with murder saying that under section 19.03 if the victim is under 10 years of age it then enhances to capital murder, and there is no mens rea as to the age listed in either sexual assault or murder statutes, and there is no fundamental right to a mens rea element regarding the age of the victim in these contexts. 22.011 cannot compare because the legislature did not intend the age to be an aggrivating factor. They intended the age of 14 to 16 to be the only element in 22.011 that makes the provision a crime. All other factors that aggrivate consensual sex with the 14 to 16 year protected age group, like threat, coersion, force, etc. are criminalized in 22.021. Unlike murder, aggrivated assault of a public servant, or other aggrivating elements or jurisdictional facts that enhance the offense otherwise committed with evil intent, the age of the child in 22.011 (14 to 16 years) is the elemental fact that separates legal innocence from wrongful conduct and does not compare. See X-Citement Video 115 S.Ct 464 at 469 n.3 (1994); Also compare to Justice Meyers' wise discussion in Zubia v. State 998 S.W.2d 226, 229 n.5 (Tex Crim. 1999);(See Memorandum of Law pp.19, 35, and ground 2.) Also compare to the Honorable Chief Justice Keller's dissent in Fleming supra at 269, and 286 n.157.

8) The majority of this Fine Court,in Fleming, overruled Fleming's constitutional claim by analyzing it by using the most lenient of the three constitutional reviews, the rational basis review, and held:

> "Because the statute serves a **legitimate state's objective of protecting children,** we will not read a mens rea into the statute and do not believe that failure to require a mens rea as to the victim's age violates the state or federal constitution." (emphasis added) Fleming at 258.

Because it is not a crime for 14 to 16 year old children to have sexual relations with adults who are married to them, and the right to marry or to remain unmarried, and all the intimate decisions there between are protected by the First Amendment, and Morrison has proved that because of the vague strict liability interpretation of 22.011, his and others' First Amendment right to copulate and freedon of intimate association with the 17 to 25 year age group have been burdened and chilled, rendering the statute unconstitutionally overbroad, a fundamental natural First Amendment protected right has been implicated, therefore, the strict scrutiny analysis should be used to review Morrison's constitutional claims. (See Memorandum of Law pp.52-53, 60, and 68). Fleming is distinguishable because the Court used the rational basis review.

(8)

Justice Meyers went on to say for the Majority that:

> "The statutory prohibition of an adult having sex with a person who is under the age of consent **serves to protect young people from being coerced by the power of an older more mature person.**" at 258. (Emphasis added)

Morrison agrees with that statement as being the legitimate state's objective in creating both 22.021 and 22.011, and that legitimate state's objective connotes the criminalization of adults who know they are having sex with an underage person, or who intentionally coerced and underage person into having sex with them. Therefore, making 22.011 strict liability does nothing more to protect children from what the objectives of the statute were designed to accomplish because criminalizing an actor who thought their conduct was innocent (and protected by the constitution) does not fit in line with the legitimate state's interests of: protecting children from adult predators who intentionally target them, and use their more mature influence on an impressionable underage victim, or protecting children from making rash decisions by punishing an adult who knowingly had sex with a child who may have made an immature or rash decision. 22.011's strict liability interpretation is not narrowly tailored to support the compelling governmental interest in protecting children from this kind of conduct, and it would not survive strict scrutiny because 22.011 would be just as effective in protecting children from this conduct described in the state's objectives if it was not strict liability. (See Memorandum of Law pp.56-57).

9) One of the reasons the Court of Criminal Appeals used in their holdings to say 22.021's strict liability aspect is constitutional is:

> "The fact that the statute does not require the state to prove mens rea as to the victims age **places the burden on the adult** to ascertain the age of the potential sex partner and avoid sexual encounters with those who are determined to be too young to consent to such encounters. If the adult **chooses not** to ascertain the age of the sexual partner then the adult **assumes the risk that he or she may be held liable of the conduct** if it turns out that the sexual partner is underage." Fleming at 258-259. (Emphasis added).

Because it has been held by the Supreme Court that consensual sexual relations with adults are protected by the First Amendment, and it has also been held by the Court that the government cannot "burden", inhibit, or curtail a First Amendment protected right, Morrison humbly, suggests that this statement made in this Fine Court's Fleming holding proves, especially in cases involving 14 to 16 year old children (who alot of time are indistinguishable from adults), that strict liability violates the overbreadth doctrine of the United States Constitution. See Memorandum of Law pp. 70-76, 46, and 81 to see real life examples of how this mentality has made strict liability of 22.011 unconstitutionally overbroad, as to Morrison's situation and on its face.

10) The Court's Majority also held, regarding the mistake of fact defense that since the sexual assault statute like the murder statute specifies a more severe punishment

(9)

based on age of the victim, that a mistake of fact defense does not apply because of the plain language of 8.02:

> "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability **required** for the commission of the offense."

And because 22.021 requires no culpability as to the age of the victim, there is nothing for the defendant's mistaken belief to negate, and his mistake cannot be a defense to prosecution. Fleming at 259.

Because age is the elemental fact in 22.011, and it does not enhance the punishment or degree of the crime as held by the Majority here, regarding mistake of fact defense applying to the aggrivating factor of under 14 years in 22.021 or under 10 years in the murder statute, 22.011 is distinguishable, and because the only criminal element that is prescribed in 22.011 is that the actor had consentual-in-fact sex with a child from **14 to 16 years**, the age is the criminal element that separates otherwise innocent conduct from criminal conduct. Therefore, according to Supreme Court cases like Liparota, Staples, and X-Citement Video supra, some sort of mens rea must attach to the criminal element that makes the otherwise innocent conduct criminal, especially when the legislature did not dispense with that mental element. Morrison has proved that without at least a reasonable affirmative defense of mistake of age in 22.011, the statute's strict liability interpretation makes 22.011 unconstitutionally vague, overbroad, and it violates the equal protection of laws.

Morrison's interpretation of 8.02 is that it applies when someone was mistaken about the facts that constitute the offense (i.e. "of a child", someone under 17 years in 22.011), and since the plain language of 22.011, to Morrison, suggests that the CMS does modify everything after "Intentionally or Knowingly:" including "of a child", then that is the "kind of culpability required" for the commission of the offense. A proper statutory construction analysis of 22.011 as stated in Ground 2 and Ground 5 would make the CMS modify "of a child", therefore, that would be the required culpability for purposes of the mistake of fact defense to be used when his mistaken belief about those facts were in question.

11) The comment that this Court made that said:

> "When a defendant voluntarily engages in sexual activity with someone who may be within a protected age group, he should know that there may be criminal consequenses and there will be no excuse for such actions, when it comes to protecting those who are unable, due to their tender age, to consent to sexual activity the legislature simply does not allow any variance." at 259.

Morrison contends that this statement does not apply to 22.011, because 22.011 has two "variances" that do allow the protected age group (14 to 16) to consent to sexual activity, despite their tender years. 14 to 16 year old children according to statute

(10)

can have sexual relations with a person within three years of their own age, or to an adult who is married to them. Justice Meyers is correct in saying that in Flemings situation, regarding children under 14 years, the law does not allow any variances for consent, therefore 22.011 is distinguishable from Fleming in this regard as well. Also someone in the protected age group in 22.011 (14 to 16), a lot of times may not look or act like someone who "may be within the protected age group."

12) The last statement made by this Court in Fleming:

> "It would be unconscoinable for us to allow a 25-year-old man who was having sex with a 13-year-old child to claim that his actions were excused because he reasonably believed he washaving sex with an adult. Such a defense is precluded in the overriding interest in protecting children." At 259.

is also distinguishable to 22.011, and Morrison's situation because it is a lot easier for someone to mistake a 15 year old child as an adult than it is a 13 year old, since children develope so fast between the ages of 13 and 15, and "most states that do allow a mistake of age defense disallow such a defense when the child's age drops below a certain threshhold."(See Fleming at 285, 286 n.154, 155, and 156 Chief Justice Keller's dissent.)

Morrison acknowledges that this fine Court of Criminal Appeals has way more wisdom and knowledge of the law than him and he hopes this Court does not feel disrespected by him challenging their holdings in this Fleming case, that is not his intent. He only wants this court to realize the two cases are distinguishable therefore, they look at his Post Conviction Writ of Habeas Corpus under its own light without the influence of the similar but yet different Fleming case.

**END OF FLEMING BRIEF**

13) On page 40-57 of the court's findings the district court attempts to discredit Morrison's first ineffective assistance of counsel ("IAC") claim by strictly going off of the affidavits of Morrison's proor attornies David Rogers ("Rogers") and Rodion Cantacuzene ("Cantacuzene") also "Ian". Morrison asks this Honorable Court look to the Motion to Disqualify the Affidavit of David Rogers, Exhibits "N"-"S" which are attched, Exhibits "A", "E", "F", "G", "H","I", "L", and "M", and the Motion to object to the Affidavit of Rodion Cantacuzene. A thorough look at these exhibits and motions will show that Morrison was not properly counseled about his decision to reject the seven year plea agreement, because his rationale in the exhibits show that Rogers did not properly counsel him, as he has proved in Ground one. If this Wise Court decides in Morrison's favor on a different issue than this ground one, and graciously chooses to grant him relief on a different ground, then may this issue be moot and not take up any more of this Court's precious time to resolve this issue, which is actually argued in the alternative.

(11)

On page 43 and 45 the district court erroneously brings Morrison's previous counsel Cantacuzene into Morrison's Ground One IAC claim. Morrison was not claiming IAC against Cantacuzene in Ground One. The court claims that Cantacuzene informed Morrison about the strict liability aspect of 22.011. A look to the two motions above will show Morrison's confusion about how Cantacuzene informed him about it, and it should not be construed as Morrison being properly counseled about rejecting the seven year plea offer as stated for the reason for Ground One.

14) On page 57-64 the court attempts to discredit Morrison's constitutional issues in his grounds 2-7 by mearly stating:

"The applicant's complaints as stated above are without merit."

Morrison has clearly shown with 77 pages of United States and Texas constitutional provisions, an array of U.S. Supreme Court, 5th Circuit, and Court of Criminal Appeals holdings,precident, and logic, and Texas Penal Codes and Government Codes that the strict liability interpretation of 22.011 is unconstitutional on its face and as-applied to his situation. (See Memorandum of Law pp.14-88, 95). The state or district court have not shown any reasons nor support to say these grounds are without merit, therefore, these unsubstantiated claims that Morrison's grounds are without merit are baseless and unsupported. Morrison's requests for relief are heavily supported and proved. For that reason the district court's unsupported claims cannot preclude Morrison from obtaining relief on these grounds.

Morrison asks this court to look to his typed Application for Writ of Habeas Corpus because in some places of the typed transcription of the court, the district court left out Morrison's bolded emphasis and made some typos that may diminish the effect of his meaning.

15) From the bottom of page 64 to the top of page 72 the district court attempts to rebut Morrison's Ground 8. The district court stated that Morrison had every right under Article 11.072 C.C.P. to file for post conviction writ of habeas corpus. The court also stated that the application for the 11.072 writ may be filed by counsel for[Morrison] or by [Morrison] **acting pro se**, and [Morrison] has no right to appointed counsel for purposes of filing an 11.072 writ. Yes, Morrison had almost seven years to file the 11.072 writ like the court said, but up until Februrary 2011, Morrison was completely ignorant about the law and had not ever read the plain language of the statutes that he read during his incarceration in 2011, which is what affected his decision to write the 3/5/11 letter to Judge Darr, and develope the rationale that he had. Therefore, before that time he did not have any will or purpose in requesting relief. Because his attorney at that time, Tom Morgan, was a conflict of interest because he was one of the attornies whom he was claiming IAC on, and because Morrison did not know anything about proper court

(12)

procedure or anything about proper writ of habeas corpus forms or rules, when Morrison found out that according to the plain language of the statutes he read that he should not have pled guilty of 22.011, he did the only thing he knew to do about the situation he was facing, and he wrote a letter to the only fair person who he thought would help: The Honorable Judge Darr. Because of the conflict of interest Morrison was soon appointed new counsel, and he thought that counsel would help him in his goals of getting the relief he sought. Contrary to what David Rogers said in his affidavit, Morrison was not told by Rogers what Rogers claims to have told him. Morrison was left ignorant about his improper filings, while at the same time expecting relief tocome as shown in Morrison's exhibits and Motion to disqualify the Affidavit of David Rogers.

Rogers knew that Morrison wanted a hearing so he could address his claims to the court The only thing that Rogers did to remotely help Morrison with his plans for relief was to file the MOtion for Continuance. Judge Darr overruled it because she did not construe the letter he wrote her as a writ because: [Morrison] had counsel and when you have counsel then counsel files any motions that you see necessary. (RR 3 p.9). She then asked Rogers if he had seen the letter. He told her yes, but it was out of his scope of counsel. He made it clear that he was not appointed to help Morrison with any writ.

Since Morrison was **appointed counsel** which according to the court's above statements that counsel files any motions that you see necessary, and because Rogers was **appointed**, restricted him from helping Morrison with his writ because as the court now claims, Morrison has **no right to appointed counsel** for purposes of filing an 11.072 writ, but can hire an attorney to do one for him, or do one **pro se**, nevertheless, at the hearing the court denied Morrison's Motion for Continuance (which was requested to allow Morrison a habeas corpus hearing before he was convicted of the Motion to Revoke probation, which was based on Morrison's **pro se motion for writ of habeas corpus**) because he had counsel...[apponted counsel], therefore, his letter would not be constued as a writ. This event completely self-defeats all the logic that the district court tries to now use to try to justify the abuse of discretion lodged in Ground 8, regardless of the pro se applicant's improper form.

It may be true that Morrison was not entitled to appointed counsel for a postconvction 11.072 in his situation, but it is surely unconstitutional for the court to appoint counsel to prevent him from filing a pro se writ at the same time his appointed counsel would not help him with it. Morrison's "every right under Article 11.072 C.C.P. to file a **pro se** writ of habeas corpus" was impeded by the district court, regardless of what justifications the trial court now trys to use to say Morrison was not entitled to a writ or continuance. Morrison's main concern in lodging this ground was that his grounds that he now raises were prevented from being raised and preserved at the trial. Since

(13)

the state nor the district court objected to the grounds now being raised, not being objected to at trial or pre-trial, and if this Honorable Court of Criminal Appeals sees no harm in Morrison not objecting to or preserving his issues at that point, and does not summarily bar his issues he now raises, then may this issue be moot. May it be moot if this Court rules in his favor on one of his constitutional issues as well.

16) On page 72-84 the district court relies soley on the affidavits of Rogers and Cantacuzene to discount Morrison's IAC claims in grounds 9-13. A review of exhibit "E", and "N"-"R", and the Motion to Disqualify the Affidavit of David Rogers, and Motion to Object to the Affidavit of Rodion Cantacuzene will show that the district court's claims are misplaced, and the statements made in the affidavits are not true.

17) On page 81-82, 84 of the court's findings, the district court attempts to discredit Morrison's IAC claims that Rogers and Cantacuzine did not object to or preserve the overbreadth, vaguness, and equal protection of laws claims. The court said these claims were without merit and counsel for defense is not required to make meritless assaults on the law.

MOrrison has indisputably shown formidable support that the strict liability interpretation,(according to the United States and Texas Constitutional provisions, Supreme Court, Fifth Circuit, and Court of Criminal Appeals holdings, precident, and logic) has made 22.011 unconstitutionally vague, overbroad, and it violates the equal protection of the laws. (See Grounds 2-7).

The state nor District court have made showings, that can discredit Morrison's irrefutable claims that he has raised and proved with clear and convincing support.

18) On page 84-85 the district court, again, with unsupported claims, attempts to say Morrison's Ground 14 (The Actual Innocence Claim) is without merit.

Morrison has shown with formidable support from the United States and Texas contitutions, Supreme Court, Fifth Circuit, and Court of Criminal Appeals holdings, precident, and logic that since the legislature did prescribe a CMS into the heading of 22.011, and did not dispense with any mental element, that the intentionally or knowingly CMS should modify all elements of the provision, including that the complainant was a child. Morrison has also shown that the only way to constitutionally eliminate the "intentionally or knowingly" causing the penetration of the sexual organ "of a child" mental element is for the legislature to clearly dispense with the mental element, which they have not done. Therefore, according to the plain language of 22.011 it is an element of the crime that the actor **intentionally or knowingly** caused the penetration of the sexual organ **of a child** by any means. Morrison has also shown that the strict liability interpretation has violated his equal protection of the laws, therefore, had 22.011 been properly interpreted to require the required CMS to modify "of a child", and his equal protection of laws rights were not violated as shown in grounds 2 and 5 then

(14)

Morrison would have proved his actual innocence as the plain language and legislative intent of 22.011 suggests.

## PRAYER

Upon reading the three Justice dissent (Keller, Price, Johnson) and the two concurring opinions made by Justice Cochran and Justice Alcala in Fleming, and the Justice Meyers proper statutory construction dissent in Zubia supra, these six Justices' opinions have strengthened Morrison's rationale that in circumstances like his, regarding 22.011, that because he is imprisoned for not intentionally or knowingly having sex with a child in the 14 to 16 year protected age group, and he reasonably believed the female in his case was 21 years old, that he is being imprisoned unconstitutionally.

All things considered, Morrison prays that this Judicious Court will see how the Fleming case, they ruled on last year, compared to his case as stated in this Motion to Object/Fleming Brief is distinguishable and not rely on the Fleming holdings to rule against Morrison in his Post Conviction Writ of Habeas Corpus. Morrison also prays that this Honorable Court issue Writ of Habeas Corpus, discuss it objectively, and grant relief as requested in Morrison's 11.07, or as they see necessary. Morrison prays that this wise court will not base its decision on the one-sided findings of facts and conclusions of law that was subjectively drafted by the district court, which he objects to.

## INMATE'S UNSWORN DECLARATION

I, Jared Morrison #1747148, being presently incarcerated at the Huntsville Unit, Walker County, Texas, of the Texas Department of Criminal Justice, declare under penalty of perjury the aforementioned statements are true and correct.

Executed on:

April 6, 2015

_Jared Morrison #1747148_ 4/6/15
Jared Morrison #1747148
Huntsville Unit
815 12th Street
Huntsville, TX 77348

(15)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct carbon copy of the MOTION TO OBJECT TO THE TRIAL COURT'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW/MORRISON'S SUPPLEMENTAL BRIEF REGARDING FLEMING V. STATE 441 S.W.3D 253 (TEX CRIM. 2014) was placed in the prison mailbox receptical to be mailed by U.S. First Class Mail postage paid onApril 6, 2015 to the following :

Clerk of the Court.....Original
Abel Acosta
Capitol Station
P.O. Box 12308
Austin, TX 78711


Clerk of the Court..... Carbon Copy
Benna Cain
385th Judicial District
500 N Loraine Street, Suite 801
Midland, TX 79701


Attorney for the State
Mr. Petty
500 N. Loraine Street, Suite 200
Midland, TX 79701..... Carbon Copy


Jared Morrison #1747148
Huntsville Unit
815 12th Street
Huntsville, TX 77348

(16)