**Affirmed and Opinion On Remand filed April 14, 2015.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-00995-CV

**CHRISTOPHER NORMAN, Appellant**

**V.**

**CHRISTOPHER HENKEL AND LISA HENKEL, Appellees**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1005041**

## O P I N I O N   O N   R E M A N D

Appellant Christopher Norman sued appellees Christopher and Lisa Henkel after Norman slipped on a patch of ice and fell on the Henkels' property. Norman appeals from the trial court's summary judgment in favor of the Henkels. Initially, this court reversed the trial court's summary judgment, holding that Lisa's warning to Norman "don't slip" was inadequate as a matter of law to discharge the Henkels' duty to warn Norman, an invitee, of a condition on the Henkels' property. *See Norman v. Henkel*, 407 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.]

2013), *rev'd, Henkel v. Norman*, 441 S.W.3d 249 (Tex. 2014). The Texas Supreme Court disagreed, reversing and remanding to this court for consideration of Norman's remaining issues. *Henkel*, 441 S.W.3d at 253. We now address his two remaining issues.

## I.

### DISCHARGE OF DUTY VS. PROPORTIONATE RESPONSIBILITY

In his second issue on appeal, Norman contends "the trial court erred by holding that a warning discharges a defendant's duty in a premises liability claim rather than presenting an issue of proportionate responsibility." In its opinion in this case, the Texas Supreme Court noted that premises owners such as the Henkels have a "duty" to warn invitees of conditions posing unreasonable risks of harm. *Id.* at 251. Further, an owner's warning may be "adequate as a matter of law to **discharge a property owner's duty** to an invitee" such as Norman. *Id.* at 252 (emphasis added). Accordingly, the supreme court has impliedly rejected Norman's argument. We will not revisit it.

Norman's second issue is overruled.

## II.

### OTHER SUMMARY JUDGMENT CLAIMS

In his third issue, Norman contends "the trial court erred by granting final summary judgment on claims on which the Henkels did not seek summary judgment." *See, e.g.*, *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[S]ummary judgment cannot be affirmed on grounds not expressly set out in the motion or response."). Norman contends he pleaded claims for negligence and gross negligence in addition to premises liability, and the Henkels sought summary judgment "only on Norman's premises liability claim." We disagree.

2

In the one-paragraph "Grounds" section of the Henkels' motion, the Henkels argued, "The evidence leaves no genuine issue of material fact upon which reasonable minds could differ, and because Plaintiff fails to raise a fact question as to **negligence**, Defendants are entitled to summary judgment as a matter of law." (emphasis added). Thus, the Henkels expressly moved for summary judgment on Norman's negligence claim. *See Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 201 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (motion encompassed negligence claim by stating that movant was "not liable under the theory of negligence").

Further, the Henkels repeatedly asserted they were entitled to summary judgment on Norman's "claims." In the "Conclusion and Prayer" section of the motion, the Henkels sought "summary judgment on Plaintiff's claims against Defendants in its entirety." Although the Henkels did not use the words "gross negligence," they sought summary judgment on the "entirety" of Norman's "claims." Assuming without deciding that a motion for summary judgment must address a gross negligence "claim" when it already addresses all underlying negligence claims,[1] we hold that the motion encompassed Norman's gross negligence claim. *See Martinez v. IBP, Inc.*, 961 S.W.2d 678, 685 (Tex. App.—Amarillo 1999, pet. denied) (motion encompassed every claim in live pleading, including gross negligence, when it attacked "all claims"); *see also Wortham*, 179 S.W.3d at 201–02 & n.16 (affirming summary judgment on gross negligence when the motion referred to "negligence"; refusing to separately address the appellants'

---

[1] *Compare Nowzaradan v. Ryans*, 347 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that "ordinary negligence and gross negligence are not separate causes of action"), *with Cobb v. Dall. Fort Worth Med. Ctr.—Grand Prairie*, 48 S.W.3d 820, 826 (Tex. App.—Waco 2001, no pet.) (summary judgment on gross negligence could not be affirmed because the issue of gross negligence was not expressly presented in the motion when the movant "did not present any specific argument on gross negligence").

arguments regarding gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence; overruling appellants' issue contending that gross negligence claim was not addressed in the motion). Norman does not otherwise challenge the granting of the summary judgment on negligence or gross negligence.

Norman's third issue is overruled.

## III.

### CONCLUSION

Having overruled Norman's remaining issues on appeal, we affirm the trial court's judgment.


/s/     Sharon McCally
         Justice

Panel consists of Justices Christopher, McCally, and Brown.