# United States Court of Appeals for the Fifth Circuit

No. 23-20457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2024

Lyle W. Cayce
Clerk

Miguel Vasquez,

*Plaintiff—Appellant*,

*versus*

Home Depot USA, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3609

_____

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Miguel Vasquez, appeals the district court's dismissal on summary judgment of his premises-liability and negligence claims. We find no error and AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20457

## I.

On July 30, 2020, Vasquez was injured when he tripped and fell in a Home Depot store. At the time, Vasquez was in the checkout line and decided to quickly get a drink from a nearby cooler. On his way back to the checkout line from the cooler, Vasquez tripped on a wire shelf that another customer had placed on the floor.

Vasquez filed suit in state court, bringing claims for premises liability and negligent activity. Home Depot removed the case and subsequently moved for summary judgment. The district court granted summary judgment after reviewing Vasquez's deposition testimony and the surveillance footage of the accident. Vasquez timely appealed.[1]

## II.

On appeal, Vasquez argues the district court erred by granting summary judgment to Home Depot on his negligence and premises-liability claims. We review a grant of summary judgment *de novo*, applying the same standard as the district court.[2] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

---

[1] The district court granted Home Depot's motion for summary judgment during a hearing on August 17, 2023. In a minute entry, the district court stated that it would enter an order and reasons and a final judgment separately. Vasquez appealed the grant of summary judgment on September 15, 2023. Subsequently, on January 22, 2024, the district court entered its order and reasons and a judgment dismissing Vasquez's complaint with prejudice. Under Federal Rule of Appellate Procedure 4(a)(2), we treat Vasquez's notice of appeal as filed on January 22. *See* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").

[2] *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

[3] Fed. R. Civ. P. 56(a).

2

To prevail on his premises-liability claim under Texas law, Vasquez must prove four elements: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee."[4]   At issue here is the first element—actual or constructive knowledge.  The Texas Supreme Court has identified three ways in which a plaintiff can satisfy the knowledge requirement: "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."[5]

Here, Vasquez testified that another customer placed the shelving on the floor.  Therefore, the district court correctly held that Home Depot did not cause the allegedly dangerous condition.  Vasquez instead argues that there is a genuine dispute as to whether Home Depot had actual or constructive knowledge of the shelving.  The district court disagreed, as do we.

As to actual knowledge, there is no evidence in the record to support Vasquez's conclusory assertion that a Home Depot employee "directly observ[ed] the customer placing the wire rack on the ground."  Notably, there is no indication in the video surveillance that an employee observed the customer place the shelving on the floor.  Furthermore, in his deposition testimony, Vasquez acknowledged that he did not know if any Home Depot

---

[4] *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014) (per curiam).

[5] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

employees saw the shelving on the floor, but asserted that "they should have noticed it because that's their job to notice things like that" and there "were so many employees right here." But the "fact that [Home Depot] employees were in the area does not mean they actually observed the [shelving]."[6] Accordingly, the district court correctly concluded that Vasquez failed to identify any evidence from which a jury could conclude that Home Depot had actual knowledge of the shelving on the floor.

We also agree with the district court that Vasquez produced insufficient evidence to support the inference that Home Depot had constructive knowledge of the allegedly dangerous condition. Constructive knowledge "requires proof that an owner had a reasonable opportunity to discover the defect."[7] This requires courts to analyze "the combination of proximity, conspicuity, and longevity."[8] In other words, courts must analyze the combination of the length of time the hazard existed, the proximity of the premises owner's employees to the hazard, and the conspicuousness of the hazard.

Vasquez argues that although the shelving was on the floor for about twenty seconds, the video footage shows that there were five employees in the immediate vicinity, and that the shelving was over five feet in length. He thus concludes that "the proximity of Home Depot's employees, and the size of the [shelving] itself, raises a question of fact" regarding constructive knowledge.

Regarding proximity and longevity, there is no dispute that Home Depot employees were nearby at the time of the accident and that the

---

[6] *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 396 (Tex. 2016).

[7] *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam).

[8] *Id.*

shelving was on the floor for approximately twenty seconds before Vasquez tripped and fell. As to conspicuousness, Vasquez emphasizes that the shelving was over five feet in length, but as the district court noted, the video footage does not show that the shelving was visibly separate from a nearby shopping cart.

After considering the three factors, we agree with the district court that the shelving, which was obscured in part by a shopping cart, and was only on the floor for approximately twenty seconds, did not give Home Depot employees in the vicinity a reasonable opportunity to discover the hazard.[9] Thus, Vasquez failed to create a genuine factual dispute that Home Depot had constructive knowledge that the shelving was on the floor.

In sum, Vasquez has failed to raise a genuine dispute of material fact that Home Depot had actual or constructive knowledge of the alleged dangerous condition, and thus the district court properly granted summary judgment on his premises-liability claim.

Finally, Vasquez asserts that the district court erred in granting summary judgment on his alternative claim for negligent activity. Negligent-activity claims are distinct from premises-liability claims.[10] Underpinning this distinction "is the principle that negligent activity encompasses a

---

[9] *See, e.g.*, *id.* at 567–68 (refusing to find an issue of fact regarding constructive knowledge when the alleged hazard was three to five feet "behind an employee's back for 30 to 45 seconds"); *Townson v. Wal-Mart Stores, Inc.*, 760 F. App'x 345, 347 (5th Cir. 2019) (per curiam) (unpublished) (affirming the district court's summary judgment because the dangerous condition—a folded mat—existed for less than ninety seconds before the plaintiff fell, which "was insufficient time for Wal-Mart to have a reasonable opportunity to discover it").

[10] *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) ("Because negligence and premises liability claims are based on independent theories of recovery, we have held that they are not interchangeable.").

malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."[11] The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases" because the alleged injuries in such cases are "a result of a physical condition or defect left on the premises."[12]

As the district court explained, Vasquez's negligence-activity claim fails as a matter of law because his injury did not result from Home Depot's contemporaneous conduct, but instead from a temporary physical condition on the property. Thus, this is clearly a premises-liability case, and the district court correctly dismissed Vasquez's negligent-activity claim.

## III.

For these reasons, the judgment of the district court is AFFIRMED.

---

[11] *Id.* (internal quotation marks and citation omitted).

[12] *Id.* at 472.