**Reverse and Render in part; Remand in part and Opinion Filed August 11, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00816-CV

**BON AMOUR INTERNATIONAL, LLC AND NATHAN HALSEY, Appellant**
**V.**
**PREMIER PLACE OF DALLAS, LLC, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-06951-I**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

Bon Amour International, LLC and Nathan Halsey appeal the trial court's summary judgment in favor of Premier Place of Dallas, LLC. In two issues, Bon Amour argues the trial court erred in holding Halsey personally liable for Bon Amour's debts under a lease agreement and awarding Premier $448,754.43 in damages when Premier failed to offer evidence to support the award. We reverse the trial court's judgment, render judgment that Premier take nothing on its claims against Halsey individually, and remand for further proceedings consistent with this opinion.

Premier is the landlord of an office building. Halsey is co-founder, manager, and director of Bon Amour. In June 2011, Bon Amour leased office space from Premier. The term of the

lease was to last thirty-nine months, from June 25, 2011 to January 31, 2015. However, in early 2013, Bon Amour stopped making rent payments.

In June 2013, Premier filed its original petition against Bon Amour and Halsey, claiming Bon Amour failed to pay the outstanding amount owed for rent and other charges. The petition alleged Premier made a number of written and oral demands for payment of all rent and other amounts due to them under the lease, but Bon Amour did not pay. On April 4, 2013, Premier sent Bon Amour a letter notifying Bon Amour that its rights ceased under the lease as of the date of the letter and that Bon Amour was liable to Premier for $448,754.43 in delinquent rent and other expenses. The petition alleged Bon Amour's charter or certificate of authority with the secretary of state was forfeited on February 8, 2013 for failure to file reports or pay taxes. Therefore, Premier argued, Halsey was personally liable for the delinquent rent and expenses.

Bon Amour filed its original answer on August 28, 2013 alleging Premier failed to specify the total amount of damages to Premier in accordance with Rule 47(c) of Texas Rules of Civil Procedure.

On November 22, 2013, Premier filed a traditional motion for summary judgment seeking $448,754.43 from Bon Amour and Halsey jointly and severally. Premier again alleged Bon Amour's charter or certificate of authority was terminated on February 8, 2013 and not revived until June 25, 2013. Premier alleged the debt was created on April 4, 2013, the date Premier sent Bon Amour the letter demanding $448,754.43. Premier claimed that Bon Amour's officers, including Halsey, were thus personally liable for debts created or incurred by Bon Amour between February 8, 2013, and June 25, 2013.

Premier categorized the $448,754.43 into three categories: (1) $159,946.91 for past due rent, (2) $180,514.12 for Premier's costs in reletting, rent concessions, leasing commissions, legal fees, and alteration and remodeling costs, and (3) $108,293.40 calculated as "the difference

–2–

between (i) the aggregate rentals reserved under the terms of the Lease for the balance of the Term together with all other sums payable under the Lease as Rent for the balance of the Term, and (ii) the fair rental value of the Premises for that period, determined as of the date of such termination." As evidence of all of its damages, Premier relied on deemed admissions that Premier, by letter dated April 4, 2013, "charged Bon Amour International LLC the sum of $448,754.43," and neither Bon Amour nor Halsey had paid Premier that amount.

On January 10, 2014, Bon Amour filed a response to the motion for summary judgment arguing Premier failed "to provide any factual basis for its damages beyond providing an unsworn statement of the total alleged value." On March 21, 2014, the trial court granted Premier's motion for summary judgment and awarded $448,754.43 in damages against Bon Amour and Halsey, jointly and severally.

On April 21, 2014, Bon Amour filed a motion for new trial, arguing a genuine issue of fact existed with regard to the amount of Premier's releasing expenses. Bon Amour further argued that Premier alleged "releasing and remodeling expenses of $180,514.14 for a future unknown tenant without any supporting affidavits or documentation and without allowing [Bon Amour or Halsey] access to the leased premises so an expert could prepare a controverting opinion."

Additionally, Bon Amour argued Halsey was not personally liable as a matter of law. Halsey signed the lease as an agent of Bon Amour, and Bon Amour was in good standing at the time the lease was entered into. Therefore, Bon Amour argued, Halsey was not personally liable for Bon Amour's alleged breach of the lease. On June 23, 2014, the trial court denied Bon Amour's motion for new trial. This appeal followed.

In its first issue, Bon Amour argues the trial court erred granting summary judgment against Halsey because Bon Amour's debt to Premier was created or incurred when the lease was

–3–

entered into pursuant to §171.255 of the tax code. Thus, the trial court erred in holding Halsey, as an officer of Bon Amour, personally liable for debts arising from a contract entered by Bon Amour when Bon Amour was in good standing.

We review the grant of summary judgment de novo. *Henkel v. Norman*, 441 S.W.3d 249, 250 (Tex. 2014) (per curiam). To succeed on a traditional summary judgment motion, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (citing *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991)). "When a movant meets that burden of establishing each element of the claim or defense on which it seeks summary judgment, the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). In deciding which party should prevail in this situation, "[w]e examine the record in the light most favorable to the non-movant, indulge every reasonable inference against the motion and likewise resolve any doubts against it." *Henkel*, 441 S.W.3d at 250; *see also Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

Premier alleged Halsey should be held personally liable under the Texas Tax Code § 171.255, specifically arguing subsection (a)

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived

Texas Tax Code § 171.255(a); *see In re Trammell*, 246 S.W.3d 815, 821 (Tex. App.—Dallas 2008, no pet.). If a corporation's corporate privileges are forfeited, the corporation shall be denied the right to sue or defend in a Texas court, and each director or officer of the corporation is liable for a debt of the corporation. *In re Trammell*, 246 S.W.3d at 821.

–4–

The underlying lease was entered into in June 2011. At that time, none of the parties dispute that Bon Amour's charter or certificate of authority with the secretary of state was in good standing. Bon Amour's charter or certificate of authority with the secretary of state was not forfeited until February 8, 2013. We conclude Bon Amour's contract with Premier was entered into in June 2011 and Bon Amour became liable for any debts under that contract when the lease was signed, not on April 4, 2013 when Premier sent a letter "charging" Bon Amour $448,754.43. *See Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 423 (Tex. App.—Dallas 2012, no pet.) (corporation's debt to plaintiff created in 1992 when employment contract signed, not in 1996 after forfeiture of corporation's charter; corporate officer therefore not individually liable to plaintiff under section 171.255). Thus, the trial court erred in granting summary judgment against Halsey holding him personally liable on the underlying lease. We sustain Bon Amour's first issue.

In its second issue, Bon Amour ar162sw3dgues material fact issues exist as to Premier's alleged damages. Specifically, Bon Amour argues Premier's summary judgment evidence was conclusory, relying entirely on the $448,754.43 Premier asserted was "charged" in its April 4, 2013 letter to Bon Amour.

Bon Amour argues Premier merely provides an unsworn conclusory statement of the alleged damages, constituting insufficient summary judgment evidence. A conclusory statement is one that does not provide the underlying facts in support of the conclusion. *Neel v. Tenet Health System Hospitals Dallas, Inc.*, 378 S.W.3d 597, 607 (Tex. App.—Dallas 2012, pet denied). Premier's claimed damages are unsupported by affidavits or other means of supporting evidence. In effect, Premier argued Bon Amour's deemed admission that it was "charged" $448,754.43 supports summary judgment in that amount.

Premier did not provide the underlying facts in support of the $448,754.43 "charge." Its only explanation of the $448,754.43 "charge" came in the April 4, 2013 letter where it broke the amount into three categories: (1) $159,946.91 for past due rent, (2) $180,514.12 for Premier's costs in reletting, rent concessions, leasing commissions, legal fees, and alteration and remodeling costs, and (3) $108,293.40 calculated as "the difference between (i) the aggregate rentals reserved under the terms of the Lease for the balance of the Term together with all other sums payable under the Lease as Rent for the balance of the Term, and (ii) the fair rental value of the Premises for that period, determined as of the date of such termination." Premier also included the lease showing rent under the original lease between $11,881.42 per month for the first fifteen months, increasing to $12,914.58 per month for the last eleven months. An October 2011 amendment to the lease showed rent for additional space showed rent increasing from $4626.83 and $5029.17 per month over the Term of the lease. Nowhere does Premier further provide the underlying facts in support of the $448,754.43 "charge," nor is there any deemed admission that $448,754.43 was actually owed. While the record shows Bon Amour breached the lease agreement, fact issues remain concerning the amount of Premier's damages suffered as a result. Under these circumstances, the conclusory assertion that Bon Amour owed $448,754.43 raised fact issues precluding summary judgment against Bon Amour in that amount. *See id.*; *Urena*, 162 S.W.3d at 550. We sustain Bon Amour's second issue.

We reverse the trial court's judgment, render judgment that Premier take nothing on its claims against Halsey individually, and remand for further proceedings consistent with this opinion.

140816F.P05

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BON AMOUR INTERNATIONAL, LLC
AND NATHAN HALSEY, Appellants

No. 05-14-00816-CV      V.

PREMIER PLACE OF DALLAS, LLC,
Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-06951-I.
Opinion delivered by Justice Bridges.
Justices Lang and Schenck participating.

    In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED**. We **RENDER** in part and **REMAND** in part.

    We **RENDER** judgment that:
Premier take nothing on its claims against Nathan Halsey individually.

    We **REMAND** the remainder of this case for further proceedings.

    It is **ORDERED** that appellant BON AMOUR INTERNATIONAL, LLC AND NATHAN HALSEY recover their costs of this appeal from appellee PREMIER PLACE OF DALLAS, LLC.

Judgment entered August 11, 2015.