ACCEPTED
03-15-00670
8261402
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 11:36:02 AM
JEFFREY D. KYLE
CLERK

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
SITTING AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 11:36:02 AM
JEFFREY D. KYLE
Clerk

03-15-00670-CV

_____

Susan Aranda

Vs.

Cindy Sue Willie Partnership Trust

_____

**Brief of Appellant Susan Aranda**
_____

Appealed from Cause No. D-1-GN-13-000525
District Court of Travis County, Texas
Honorable Judge Meachum Presiding

No Oral Argument Requested

Respectfully submitted,
**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
Telephone: (512) 346-5688
Fax: (512) 719-4362


Robert L. Ranco
SBN: 24029785
Rranco@carlsonattorneys.com
Roberto Flores
SBN: 24074211
Rflores@carlsonattorneys.com

Attorneys for Appellant

03-15-00670-CV

_____

Susan Aranda

Vs.

Cindy Sue Willie Partnership Trust

_____

## Certificate of Parties and Attorneys

Pursuant to Rule 38.1 (a) of the Texas Rule of Appellate Procedure Susan Aranda, Appellant, supplies the following list of parties to the order appealed from and the names and addresses of counsel:

## Parties

Susan Aranda

Cindy Sue Willie Partnership Trust

## Attorneys

**Robert L. Ranco**
**SBN: 24029785**
**Roberto Flores**
**SBN: 24074211**
**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
Telephone: (512) 346-5688
Fax: (512) 719-4362
Attorney for Appellee

**Sharon D. Hobbs**
SBN:09739500
**Allen Stein & Durbin, P.C.**
6243 IH-10 West, 7th Flood
P.O. Box 101507
San Antonio, Texas 78201
Phone: (210) 734-7488
Fax: (210) 738-8036
Attorney for Appellant

**<u>Trial Court</u>**
Appealed from Cause No. D-1-GN-13-000525
District Court of Travis County, Texas
Honorable Judge Meachum Presiding

# Contents

**Table of Authorities** ................................................................................................ 5

**Statement of the Case** .............................................................................................. 1

**Statement of the Issues** ............................................................................................ 2

**Statement of Facts** ................................................................................................... 3

**Summary of the Argument** ...................................................................................... 4

**Standard of Review** .................................................................................................. 5

**Argument** ................................................................................................................. 6

    A. The Trial Court Erred in Granting Antler's No-Evidence Motion for Summary Judgment
Because Aranda Presented Evidence of Each Element of Her Claim ...................................... 6

        1) The Ledge Posed an Unreasonable Risk of Harm ............................................................. 6

        2) Antler Knew or Reasonably Should Have Known of the Dangerous Ledge ..................... 8

        3) Antler Never Warned of the Dangerous Ledge ................................................................. 8

        4) Aranda Tripped on the Ledge ............................................................................................ 10

    B. The Trial Court Erred in Granting Antler's Traditional Motion for Summary Judgment ... 16

        1) Antler Did not Present Evidence that Aranda's Injuries were Not Caused by the Incident
or that they Warned Her .......................................................................................................... 16

        2) A Fact Issue Exists Regarding Whether the Unreasonably Dangerous Condition Caused
Aranda's Injury as Well as Whether Antler Breached its Duty to Remedy The Condition. 17

**Conclusion** ............................................................................................................... 18

**Prayer** ...................................................................................................................... 19

**Certificate of Service** .............................................................................................. 21

**Certificate of Compliance** ....................................................................................... 21

**Appendix** .................................................................................................................. 22

# Table of Authorities

**Statutes**
TEX. R. CIV. P. 166a(i) ..................................................................................6

**Texas State Cases**
*Boerjan v. Rodriguez*, 436 S.W.3d 307 (Tex. 2014) ..................................5

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005)...............................5

*Cohen v. Landry's Inc.*, 442 S.W.3d 818 (Tex. App—Houston [14th Dist.] 2014,

    pet denied) ..............................................................................................6

*Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983)....................8

*Dallas Cent. Appraisal Cen. V. Cunningham*, 161 S.W.3d 293 (Tex. App.—Dallas

    2005, no pet.). .........................................................................................5

*Del Lago Partners v. Smith*, 307 S.W.3d 762 (Tex. 2010)........................10

*Ford Motor Co v. Ridgeway*, 135 S.W.3d 598 (Tex. 2000) .......................5

*G&H Towing Co v. Magee*¸ 347 S.W.3d 293 (Tex. 2011).........................15

*Hammerly Oaks, Inc v. Edwards*¸ 958 S.W.2d 387 (Tex. 1997)..............12

*Henkel v. Norman,* 441 S.W.3d 249 (Tex. 2014) ...................................8, 9

*Lear Siegler, Inc v. Perez*, 819 S.W.2d 470 (Tex. 1991).........................16

*Marathon Corp v. Pitzner*, 106 S.W.3d 724 (Tex. 2003).........................11

*Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654 (Tex. 1999) (plurality op.) ................10

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244 (Tex. 2013) ................17

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985) ................17

*Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336 (Tex. App.—Austin 2000, pet denied) ................................................................................................6

*Seideneck v. Cay Bayreuther Assocs.*, 451 S.W.2d 751 (Tex. 1970) ........................6

*Sweet v. Flow Force Plumbing, L.L.C.* NO 05-12-01688-CV 2014, Tex. App. Lexis 5125 (Tex. App.—Dallas May 13, 2014, no pet.)......................................12

*TXI Operations, LP. v. Perry*, 278 S.W.3d 763 (Tex. 2009)..................................8, 9

*Wal-Mart Stores, Inc v. Gonzalez*, 968 S.W.2d 924 (Tex. 1998)..............................5

*Western Invs. v. Urena*, 162 S.W.3d 547 (Tex. 2005)................................................10

03-15-00670-CV

_____

Susan Aranda

Vs.

Cindy Sue Willie Partnership Trust

_____

TO THE HONORABLE JUDGE OF SAID COURT:

## Statement of the Case

This is personal injury case based on premises liability. Susan Aranda (hereinafter Aranda) was injured on the property of Appellee, The Willie Limited Partnership d/b/a ANTLER MINI STORAGE (hereinafter "Antler") on November 22, 2012. Aranda filed a lawsuit against Antler Mini Storage and The Cindy Sue Willie Partnership Trust on February 11, 2013. C.R. 2.

Antler filed a Traditional and No-evidence Motion for Summary Judgment on April 28, 2015. C.R. 44. The motion was not joined by codefendant The Cindy Sue Willie Partnership Trust. Aranda filed a response and objected to the presentation of much of Antler's evidence. C.R. 141. The Traditional and No-Evidence Motions for Summary Judgment were both granted on July 23, 2015.

1

C.R. 201. Aranda's objection to the evidence regarding marijuana use was granted.

C.R. 200. Aranda filed a motion for reconsideration and motion for new trial on August 11, 2015. C.R. 202. The Motion for New Trial was denied on October 5, 2015. C.R. 220. Aranda filed a Motion to Sever which was granted on October 19, 2015. C.R. 222. The order granting Defendant's Motion for Summary Judgment became full and final on October 19, 2015. C.R. 222. Aranda appeals the granting of Antler Mini Storage's Traditional and No-Evidence Motions for Summary Judgment.

## Statement of the Issues

A. The Trial Court Erred In Granting Antler's No-Evidence Motion For Summary Judgment Because Aranda Presented More Than A Scintilla Of Evidence Of Each Element Of Her Claim.

1) The Ledge Posed an Unreasonable Risk of Harm

2) Antler Knew or Reasonably Should have Known of the Dangerous Ledge

3) Antler Never Warned of the Dangerous Ledge

4) Aranda Tripped on the Ledge

B. The trial court erred in granting Antler's Traditional Motion for Summary Judgment:

1) Antler Did not Present Evidence that Aranda's Injures Not Caused by the Ledge or that They Warned Her

2) A Fact Issue Exists Regarding Whether the Unreasonably Dangerous Condition Caused Aranda's Injury as Well as Whether Antler Breached Its Duty to Remedy the Condition

2

**Statement of Facts**

Aranda and her friends arrived at Antler Mini Storage around 6 pm on November 22, 2011. C.R. 72. Pg 32:19-22; Pg 33:2-4.[1] They had a full truck of things to pack into the newly rented ministorage unit. C.R. 122 Pg 39:20-21. When they arrived Aranda got the key and locks from the manager. C.R. 75 Pg 44:20-23. As she did, the manager apologized to Aranda for the poor lighting. C.R. 76. Pg 48:24-49:4. Aranda and her friends then drove around to the unit to pack her things into the storage unit. C.R. 77 Pg 51:23-52:1.

Unbeknownst to her, the unit Aranda rented was unique. C.R. 97 Pg 10:22-24. To enter the storage unit required a step up into the unit. C.R. 183. (photos of the ledge). With large boxes in her arms Aranda packed things into the unit. Not knowing there was a ledge in the unit, she tripped and fell sometime between 6:20 and 6:40 P.M. C.R. 70 Pg 16:10-12; C.R. 88 Photo 43; 49; C.R. 70 Pg 17:13-15. As she fell she tried to protect herself, threw away the box she was holding and landed on her shoulder. C.R. 70 Pg 16:22-17:4. Karen, Aranda's friend, saw her on the ground holding her shoulder. C.R. PG 45:9-13. Needing to continue packing things into the unit, she got back up and continued to move boxes into the unit. C.R. 127 Pg 45:9-13. She then drove back to Houston. C.R. 72 Pg 32:19-22.

---

[1] Citations to Clerk's Record will be identified as C.R. Citations to depositions pages and lines will be included when necessary. (C.R. XX Pg YY)

Aranda and her sister Patrica Birdwell returned to the storage unit later. C.R. 80 Pg 73:21-74:2; C.R. PG 97 10:21-25. Upon her investigation she realized that she fell on a ledge at the entrance of the unit. C.R. 80 Pg 73:21-25. That ledge and the entire unit were much higher than the other units in the area. C.R. 97 Pg 10:22-24. The ledge was entirely unmarked. C.R. 88 Photo 43; 49. The ledge and lighting violated numerous buildings codes regarding the height of risers and general safety. C.R. 179-84.

## Summary of the Argument

In response to Antler's No-Evidence Motion for Summary Judgment Aranda presented evidence that a fact issue existed regarding all points of her claim. Aranada presented evidence that the condition was unreasonably dangerous based on the unusual nature of the ledge and the bad lighting. The ledge was higher than all the other units, unmarked, and a violation of local ordinances. Aranda presented evidence that Antler knew or should have known of the dangerous condition because Antler warned her partially of the danger and the condition existed for almost twenty years. Finally, Aranda presented evidence that she tripped on the ledge. Because of the presented evidence, Antler's Traditional and No-Evidence Motion for Summary Judgment must be denied.

Moreover, Antler presented no evidence to support its Traditional Motion for Summary Judgment. Antler did not present evidence that Aranda's injuries

4

were not caused by the ledge. Antler also did not present evidence that they adequately remedied the danger by either warning of the danger or removing the condition. Antler presented inadmissible evidence that Aranda was at fault for her own injuries due to suspicion of marijuana use. The trial court correctly sustained Aranda's objections to that evidence. Because Antler failed to meet its burden to show that no fact issue existed, the trial court should have denied Antler's Traditional Motion for Summary Judgment.

## Standard of Review

The standard for review of a traditional summary judgment is de novo. *Dallas Cent. Appraisal Cen. V. Cunningham*, 161 S.W.3d 293, 295 (Tex. App.—Dallas 2005, no pet.). When reviewing a summary judgment the court must examine the entire record in the light most favorable to the nonmovant, and must indulge every inference and resolve all doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824-25 (Tex. 2005). With a hybrid motion the court first addresses whether the nonmovant presented evidence to controvert the no-evidence motion then moves to the lower standard of the traditional motion. *Ford Motor Co v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2000).

**<u>Argument</u>**

**A. The Trial Court Erred in Granting Antler's No-Evidence Motion for Summary Judgment Because Aranda Presented Evidence of Each Element of Her Claim**

Antler raised issue with four of the six elements of Aranda's premises claim. *Wal-Mart Stores, Inc v. Gonzalez*, 968 S.W.2d 924, 936 (Tex. 1998). A No-Evidence Summary Judgment can only be granted based on those elements specifically raised. TEX. R. CIV. P. 166a(i); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014).

**1) The Ledge Posed an Unreasonable Risk of Harm**

An unreasonably dangerous condition is one in which there is sufficient probability of a harmful event occurring that a reasonable prudent person would have foreseen the likelihood of that harmful event. *Seideneck v. Cay Bayreuther Assocs.*, 451 S.W.2d 751, 754 (Tex. 1970). These are fact intensive inquiries, and therefore often best left to a jury's determination. *Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 342 (Tex. App.—Austin 2000, pet. denied). Though not an objective test, courts often consider many factors including: 1) whether the condition was clearly marked; 2) the height of the condition; and 3) whether the condition met applicable safety standards. *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Here, the combination of bad lighting and the step was an unreasonably dangerous condition. First, the condition was not marked in any way. C.R. 183 (photographs showing no marking). Second, both the ledge and the poor lighting violated building codes adopted into law. C.R. 180. The riser heights, the tread depth, and the difference between them did not comply with building codes. C.R. 180. The difference in riser heights was almost three times that which was allowed by regulation. C.R. 180. Finally, the ledge was unique for the unit. C.R 97 Pg 10:22-24. The riser was too high and unexpected. Both the violation of safety standards and the unusual height is evidence of an unreasonably dangerous condition. *Id.* Antler's employees admit that the bad lighting was a problem and apologized for the condition. C.R. 75 Pg 44:24-25. The ledge makes things worse.

Moreover, the danger was foreseeable because stepping over the ledge was the natural course anyone would take into the unit. C.R. 183 (photographs showing the entrance). The ledge is made more dangerous by the common activity people would be doing in the area. It was an entrance, where people's views would be obstructed by carrying or moving heavy objects. Because the evidence presented shows this was a dangerous, poorly lit step, Antler's summary judgment must be denied.

## 2) Antler Knew or Reasonably Should Have Known of the Dangerous Ledge;

When plaintiff is an Invitee a possessor's knowledge of a dangerous condition can be actual or constructive. *Del Lago Partners v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010). Proof of constructive knowledge requires that the condition exist long enough for the possessor to discover it through reasonable inspection. *CMH Homes, Inc v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2003). The "time-notice rule" is based on the premise that the longer a danger exists the more likely the owner had a reasonable opportunity to discover and remedy the condition. *Id.* Whether a reasonable time has passed is based on all facts and circumstances. *Id.*

Here, the construction was done in 1996. C.R. 180 ("Appraisal District reported 1996 construction date.") This alone would give ample amount of time to inspect and determine that the ledge was dangerous. *Id.* Additionally, the Antler employee's apology about the poor lighting shows that an inspection of the poorly-lit area, including the ledge, was completed recently. Because Aranda presented evidence that Antler knew or should have known of the condition, its summary judgment must be denied.

## 3) Antler Never Warned of the Dangerous Ledge

As the possessor of real property, Antler had the duty to warn about or make safe any unreasonably dangerous conditions of which it or should have known. *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014). To be adequate, a

8

warning must be more than a general warning instruction, but rather it must warn of the particular condition. *Id.* at 252. (citing *TXI Operations, LP. v. Perry*, 278 S.W.3d 763, 764-65 (Tex. 2009)). The fundamental question is whether the warning fulfills the duty to do "whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition." *Id*. at 265. (*quoting Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983)). For example, a speed limit sign is not a warning for a pothole. *Id.* A warning to drive "slow" is not warning of the actual condition of a construction area which was muddy and slick when wet. *State v. McBride*, 601 S.W.2d 552, 556-57 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). A vague sign to "be careful" may be "some evidence that the premises owner was not negligent, but it is not conclusive." *TXI Operations, LP*, 278 S.W.3d at 765. That an invitee followed the sign's instructions and the incident still occurred is evidence of the warnings inadequacy. *Id.*

First, there is evidence that Antler failed to fix the unreasonably dangerous condition. Norman Cooper determined that the riser heights, the tread depth, and the difference between the riser heights did not comply with cited building codes and laws. C.R. 180. Defendant therefore failed in every way to attempt to remedy the condition.

9

Second, the warning given by Antler regarding the ledge was completely deficient. Antler warned of the bad lighting. C.R. 76 Pg 48:24-49:4. No other warnings about the unit were given. C.R. 76 Pg 48:24-49:4. There was no marking on the ledge. C.R. 183. Taking the context of the totality of the circumstances, Aranda was not warned of the inconspicuous and high ledge. *See Henkel,* 441 S.W.3d at 252. It is impossible to infer that there was a dangerous ledge from the instruction about lighting. *Compra, Id.* (The warning "don't slip" allows for the inference of a slippery walkway.). Moreover, Aranda's behavior following the warning about lighting shows how inadequate the warning was. *TXI Operations LP*, 278 S.W.3d at 765. (Following the directive and still getting injured is evidence of the directive's inadequacy.). Aranda, knowing only of the bad lighting, drove her truck around to the storage unit to improve the poor lighting condition. C.R. 75 Pg 45:1-2. Aranda then walked into the storage unit with boxes in hand, as would be expected, and tripped on the unexpected ledge. C.R. 70 Pg 16:10-12. Because she was never warned of the ledge, Antler failed in its duty to warn of the unreasonably dangerous condition.

**4) Aranda Tripped on the Ledge**

To prove an action for premises liability, the invitee must establish the breach of duty proximately caused the plaintiff's injuries. *Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The components of proximate cause are

(1) cause in fact and (2) foreseeability. *Western Invs. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). If foreseeability is addressed under the element of duty, it need not be addressed again under proximate cause. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 659 (Tex. 1999) (plurality op.)

Cause-in-fact requires evidence that the premises defect was a substantial factor in bringing about the injury. *Del Lago Partners.*, 307 S.W.3d at 774. Here, there is direct evidence that the premises defect caused the injury. Aranda testified that she "didn't know there was an edge there and I hit it with my right foot and tripped into the storage room…." C.R. 70 Pg 16:10-12. At the time she did not know on what she fell. *Id.* Patricia, her sister that was unpacking the truck, saw Aranda on the ground after she fell. C.R. 97 Pg 7:6-9. She saw that Aranda tripped going into the unit. C.R. 98 Pg 11:6. She also thought that Aranda fell on the ledge. C.R. 98 PG 11:7. Karen Short, another friend that was loading the storage unit, heard Aranda fall at the storage unit. C.R. 113 Pg 9: 2-12. On later inspection Aranda and her sister realized it was the ledge on which she fell. Her sister identified that the ledge was much higher than the other units. C.R. 97 Pg 10: 21-23. Based on this testimony Norman Cooper, a professional engineer, determined that the improper riser tread caused Aranda's injury. C.R. 180. All this evidence points to the fact that Aranda tripped on the ledge.

Antler relies on two cases to characterize Aranda's testimony as mere inference. Neither is factually on point. *Marathon Corp* was a decision about expert testimony and the necessity for something more. *Marathon Corp v. Pitzner*, 106 S.W.3d 724 (Tex. 2003). In *Marathon* plaintiff alleged he fell off a roof, and was unable to testify as to what caused the fall. *Id.* at 726. The plaintiff presented evidence by experts showing he likely fell off the roof when he "reached into the access panel, came into contact with a high-voltage wire, was shocked, stumbled back, and fell off the building." *Id. at 729.* The Texas Supreme Court, however, determined that "because there was no proof that the units inside the building had been shut off" the series of events, though reasonable, was not supported by a key factual assumption. *Id.* The evidence "could give rise to any number of inferences." *Id.* There was so little direct testimony that the jury would not even be sure if he fell off the roof. *Id.* It was equally likely that plaintiff had been assaulted because no one could testify to the contrary. *Id.* Slight circumstantial evidence is not enough, but rather "something else must be found in the record to corroborate the probability of the fact's existence or non-existence." *Id. quoting Hammerly Oaks, Inc v. Edwards¸* 958 S.W.2d 387, 392 (Tex. 1997).

The other case on which Antler relies is *Sweet v. Flow Force Plumbing, L.L.C.* NO 05-12-01688-CV 2014, Tex. App. Lexis 5125 (Tex. App.—Dallas May 13, 2014, no pet.). There, plaintiff used the shower after repairs were made by the

defendant. *Id*. at *1. A full day after the shower, plaintiff pulled off his shoe to find his foot had been bleeding. *Id.* Looking around his home the next day, he noticed a screw in the shower. *Id.* He concluded that he must have cut his foot in the shower on the prior day. *Id.* The court followed *Marathon*, and determined there was not enough evidence to hold defendant liable because "it is equally possible that Sweet injured his foot during the period of time after his shower and before he remove his flip-flops that evening." *Id.* at *6. There was no evidence that connected the injury to the shower temporally because there was no evidence that he was not injured between the shower and the time he noticed the bleeding. *Id.* Therefore, the court concluded there was not enough evidence to support the theory that plaintiff was injured in the shower.

Both cases are factually distinct because the death of direct testimony required more assumptions by the finder of fact. In each case the very basics of the injury were unclear. In *Marathon* there was no witness testimony identifying where the injury was, or how the injury happened. The jury could have easily also believed an assault had occurred. In *Sweet* he could have been injured by anything between the shower and the time he noticed his foot. Here, there is no question about several fundamental issues that were not known about either *Marathon* or *Sweet*.

- Aranda tripped C.R. 70 Pg 16:3-4.

- Aranda tripped around 6:20-6:40 C.R. 70 Pg 1:13-15

- Aranda tripped going into the storage unit owned by Antler. C.R. 98 PG 11:6.

A similar recitation of facts could not be given about *Marathon* or *Sweet.* Each of these facts is backed by evidence and show that Aranda's injuries were caused by the unreasonably dangerous condition. Therefore, Antler's No-Evidence Motion for Summary Judgment must be denied.

The degree of particularity in what caused the injury is also clear here and was not in either *Marathon* or *Sweet.* The greater the range of possible injuries, the more assumptions would naturally need to be made to show one thing caused an injury. Without knowing specific details, the realm of possibility expands. In *Marathon*, Pitzner was believed to be working on the roof, and then found later in the parking lot with a head injury. *Marathon*, 106 S.W.3d at 726. Based on just that information the possible causes of injury are endless. This is evidenced by the fact that EMS initially reported the injury as an assault. *Id*. Similarly in *Sweet* there was little direct evidence of what caused the injury. All that was known was plaintiff was injury free and then he was not. The nail was certainly a plausible source of the injury but there was little evidence actually placing it as the cause of injury. The possible other causes are endless.

14

Here, there is a fundamental piece of evidence that did not exist in the others. Several other people saw that she in fact did trip and where she tripped. The question is not how she was injured (like in *Marathon)* or where she was injured (like in *Sweet*) but on what did she trip on the Antler property at around 6:00 PM. The evidence points to the ledge.

Antler would ask the court to hold that Aranda's testimony is not evidence because she was not aware of what she tripped on at the time she tripped on it. That holding, and the conclusion that Aranda's testimony (and the testimony of her friends) is not enough to present a fact issue, would dramatically change the evidentiary requirements of premises cases. Premises cases are built on inference. Plaintiffs do not trip on hazards of which they knew prior to tripping. Injured plaintiffs are often more worried about getting treatment over investigating premises liability issue. Only a Plaintiff's lawyer would be so inclined. A requirement that a plaintiff immediately investigate the cause of the injury would ultimately bar any serious case where plaintiff is unable to investigate the incident due to seriousness of the injury or for other extenuating factors. It would also bar any case where plaintiff was injured without the benefit of a third party witness to see the specific cause of the injury. Such a ruling would gut premises liability. Therefore, this court must hold that Aranda presented a fact issue regarding whether her injuries were caused by the ledge.

15

Because Aranda presented evidence showing a fact issue regarding all complained elements, Antler's Traditional and No-evidence Motions for Summary Judgment must be denied.

**B. The Trial Court Erred in Granting Antler's Traditional Motion for Summary Judgment**

### 1) Antler Did not Present Evidence that Aranda's Injuries were Not Caused by the Incident or that they Warned her

In its Traditional Motion for Summary Judgment Antler presented arguments regarding only two elements: 1) causation; and 2) breach. C.R. 44-53. Antler also addressed causation as it relates to Aranda's negligence per se claim. C.R. 53. Because Antler did not raise the other issues the court cannot grant a summary judgment based on these elements. *G&H Towing Co v. Magee*¸347 S.W.3d 293, 297 (Tex. 2011).

Antler's Traditional Motion for Summary Judgment cannot be granted because it failed to present testimony that it remedied the condition. "For a defendant to be entitled to summary judgment it must *disprove,* as a matter of law, one of the essential elements of each of plaintiff's causes of action. *Lear Siegler, Inc v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991) (emphasis in original). As discussed above, the only evidence presented about potential remedies to the condition was Antler's apology about bad lighting. An inadequate warning is not conclusive evidence that no fact issue exists. *TXI Operations, LP*, 278 S.W.3d at

16

765. Reasonable jurors could disagree about whether a warning about bad lighting is also a warning that a ledge is too high. Because Antler did not present evidence that it fulfilled its duty to remedy the condition as a matter of law its summary judgment must be denied.

Antler's Traditional Summary Judgment must also be denied because it failed to present evidence that the premises defect caused the injury as a matter of law. *Lear Siegler, Inc.*, 819 S.W.2d at 471. First, Antler failed to present evidence that no fact issue existed regarding the element of causation. The trial court correctly sustained Aranda's objections to the evidence regarding the marijuana use and did not consider such evidence. C.R. 200. Antler is left without evidence more than "she was wobbly." "Accidents happen" is argument, not evidence and therefore, Antler failed to present evidence to show no fact issue existed. Because Antler failed in its initial burden of presenting evidence that no fact issue existed regarding cause, Antler's Summary Judgment must be denied.

**2) A Fact Issue Exists Regarding Whether the Unreasonably Dangerous Condition Caused Aranda's Injury as Well as Whether Antler Breached its Duty to Remedy The Condition.**

As addressed above in response to Antler's No-Evidence Motion for Summary Judgment, Aranda presented evidence that she tripped on the ledge as well as the fact that Antler's only attempt to remedy the danger was to warn of half the danger. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244 (Tex. 2013)

17

Presenting evidence to surpass the no-evidence motion also surpasses the traditional motion. *Id.* Because Aranda presented evidence of fact issues regarding all elements of her claim, Antler's Motion for Summary Judgment must be denied.

**Negligence Per Se**

The trial court incorrectly granted Antler's Traditional Motion for Summary Judgment as to Aranda's negligence per se claim. The duties that arise under a negligence and negligence per se claim are by definition distinct. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985) (looking to the ordinance rather than whether there was an unreasonably dangerous condition to see if a duty exists). Antler presents no evidence that this was not an issue of negligence per se. Evidence presented by Aranda shows that both the ledge and lighting violated local laws and ordinances. C.R. 179-184. Antler only addresses the issue of causation. Once again because Aranda showed that the ledge, violative of local laws and ordinances, was what caused her to trip, the trail court incorrectly granted Antler's Traditional Motion for Summary Judgment.

## Conclusion

In response to Antler's no-evidence motion for summary judgment Aranda presented evidence that the ledge on which she tripped was an unreasonably dangerous condition. It was taller than the units around it, and a violation of local ordinance. Aranda also presented evidence Antler did not warn of the ledge, but

18

merely warned of the bad lighting. It also did not mark, or attempt to remedy the ledge. The ledge also existed for approximately twenty years, certainly long enough for Antler to identify the dangerous condition. Finally, Aranda presented both her testimony, and the supporting testimony of her friends that she tripped on the dangerous ledge. The evidence presented is more than a stack of inferences, but the direct testimony of Aranda and her friends. Because Aranda presented evidence supporting all elements complained, Antler's No-Evidence Motion for Summary Judgment must be denied.

Moreover, Antler failed to present evidence that no fact issue existed regarding whether they warned of the danger and whether the breach caused the injury. Antler only presented evidence that it warned of the lighting, not the ledge, which cannot support a summary judgment. It also presented no evidence that the ledge did not cause her to trip. Because Antler failed to present evidence to show no fact issue existed regarding the complained elements, its Traditional Motion for Summary Judgment must therefore be denied.

## **Prayer**

Aranda never meant to trip. She did not do a pre-trip inspection analyzing possible hazards and their relative dangers. She did not do a post-trip inspection immediately following the incident testing for forensics or other clues to narrow down the inferences she may need to make in coming litigation. She tripped and

19

tried, to get on with her life like normal. To require more of her belies the fact that law is built not of science but of humanity.

For the reasons stated in the brief Appellant prays the Court reverse the order granting Antler's Motion for Summary Judgment, and it remand the matter back to the trial court so that Susan Aranda may get her day in court.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
Telephone: (512) 346-5688
Fax: (512) 719-4362

By: **/s/ Robert L. Ranco**
Robert L. Ranco
SBN: 24029785
Rranco@carlsonattorneys.com
Roberto Flores
SBN: 24074211
Rflores@carlsonattorneys.com

## Certificate of Service

I certify that a true and correct copy of the foregoing was served in accordance with Texas Rules of Civil Procedure and Texas Rules of Appellate Procedure on this 16th day of December 2015 to all counsel of record.

Attorney:                                         Served by

 Sharon D. Hobbs                      __X__      Facsimile:

Hallen, Stein & Drurbin, PC      ____        Email:

6243 IH-10 West                        __X__       E-service:

7th Floor                                    ____         CMRRR:

PO Box 101507                        ____         Other:

San Antonio, Texas 78201


  **/s/ Robert L. Ranco**
Robert L. Ranco


## Certificate of Compliance

I certify that this document was produced on a computer using Microsoft Word

2007 and contains 4,093 words as determined by the software's word-count

function, excluding the seconds of the document listed in Texas Rule of Appellate

Procedure 9.4(i)(1).


**/s/ Robert L. Ranco**
Robert L. Ranco
Roberto Flores

## **Appendix**

1) Order Granting Defendant's Motion for Summary Judgment

2) Order Sustaining Plaintiff's Objection to Defendant's Evidence

Filed in The District Court
of Travis County, Texas

**JUL 2 3 2015**

At_____ 11:30 ⚲M.

Velva L. Price, District Clerk

NO. D-1-GN-13-000525

| | | |
|---|---|---|
| SUSAN ARANDA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 98TH JUDICIAL DISTRICT |
| THE CINDY SUE WILLIE PARTNERSHIP | § | |
| TRUST, and THE WILLIE LIMITED | § | |
| PARTNERSHIP D/B/A ANTLER MINI | § | |
| STORAGE | § | TRAVIS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S, THE WILLIE LIMITED PARTNERSHIP D/B/A ANTLER MINI STORAGE, TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

**ON THE** 29th day of June, 2015, the Court heard Defendant's, **THE WILLIE LIMITED PARTNERSHIP D/B/A ANTLER MINI STORAGE**, Traditional and No-Evidence Motion for Summary Judgment. The Court considered Defendant's Motion and its supporting Affidavits and Exhibits, Plaintiff's Second Amended Petition, Plaintiff's Response to Defendant's Motion for Summary Judgment, argument of counsel, and all things the Court is entitled to consider, and **GRANTS** Defendant's Traditional and No-Evidence Motion for Summary Judgment.

It is, therefore, **ORDERED, ADJUDGED, AND DECREED** that Defendant's Traditional and No-Evidence Motion for Summary Judgment is **GRANTED**; judgment is entered in favor of Defendant, **THE WILLIE LIMITED PARTNERSHIP D/B/A ANTLER MINI STORAGE**, and against Plaintiff. It is further **ORDERED, ADJUDGED, AND DECREED** that Plaintiff take nothing by her suit against Defendant, THE WILLIE LIMITED PARTNERSHIP D/B/A ANTLER MINI STORAGE, with costs to be incurred by the party incurring same.

SIGNED the 23rd day of _____ July _____, 2015.



**JUDGE AMY CLARK MEACHUM**

#1322613/5244-028/SH

004133733



Filed in The District Court
of Travis County, Texas

JUL 2 3 2015

At _____ 11:30 ____ A.M.

Velva L. Price, District Clerk

CAUSE No. D-1-GN-13-000525

| | | |
|---|---|---|
| SUSAN ARANDA | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| THE CINDY SUE WILLIE PARTNERSHIP | § | |
| TRUST, AND THE WILLIE LIMITED | § | |
| PARTNERSHIP D/B/A ANTLER MINI | § | |
| STORAGE | § | 98TH JUDICIAL DISTRICT |

## ORDER

After careful consideration of the Plaintiff's Objections to Defendant's Traditional and No-Evidence Motion for Summary Judgment, the evidence, the pleadings and the arguments, the Court SUSTAINS Plaintiff's Objections to Defendant's references to an alleged drug use on the day of the incident and whether Plaintiff had a drug addiction.

SIGNED on this 23rd day of July, 2015.



Amy Clark Meachum
Judge, 201st District Court
Travis County, Texas

004133725

